1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TYRONE ADAMS,

11              Plaintiff,              No. CIV S-11-826 GEB DAD (TEMP) PS

12        vs.

13   CHARLES EASLEY, et al.,            ORDER

14              Defendants.

15   _____/

16              Defendant's motion to dismiss came on regularly for hearing May 20, 2011.

17   Plaintiff Tyrone Adams, who is proceeding pro se, appeared on his own behalf.  Jud Waggoman

18   appeared on behalf of defendant John Judson Waggoman.  No appearance was made for the

19   remaining defendants.  Upon review of the documents in support and opposition,[1] upon hearing

20   /////

21   _____

22        [1] Plaintiff filed opposition to the pending motion on the day before the hearing.  Pursuant
     to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or
23   statement of non-opposition to the motion to dismiss at least fourteen days prior to the hearing
     date, or May 6, 2011.  See E. Dist. Local Rule 230(c).  Although the opposition was untimely,
24   the court has considered the opposition in ruling on the motion to dismiss.  Plaintiff is advised
     that further violations of the Local Rules will not be tolerated.  See E. Dist. Local Rule 183(a)
25   ("[a]ny individual representing himself or herself without an attorney is bound by the Federal
     Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations
26   placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to
     comply therewith may be ground for dismissal . . . or any other sanction appropriate under these
     Rules."); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must
     follow the same rules of procedure that govern other litigants.").

1   the arguments of plaintiff and counsel, and good cause appearing therefor, the court will grant

2   defendant's motion to dismiss with leave to amend.

3          Defendant moves to dismiss on the ground that the complaint fails to allege a

4   proper basis for subject matter jurisdiction.  Federal Rule of Civil Procedure 12(b)(1) allows a

5   defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter

6   of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of

7   subject matter jurisdiction may either attack the allegations of the complaint or may be made as a

8   'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill

9   Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

10          When a party brings a facial attack to subject matter jurisdiction, that party

11   contends that the allegations of jurisdiction contained in the complaint are insufficient on their

12   face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d

13   1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to

14   safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc.

15   v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th

16   Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is

17   granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.

18   Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003),

19   Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may

20   review evidence beyond the complaint without converting the motion to dismiss into a motion

21   for summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

22          Defendant's challenge here is a facial challenge.  Defendant is correct that the

23   original complaint fails to allege a proper basis for subject matter jurisdiction.  The original

24   complaint filed in this action essentially is a landlord-tenant dispute in which plaintiff alleges

25   claims based on an asserted failure to make a rented premises habitable.  However, plaintiff has

26   ////

1  now filed a proposed amended complaint[2] which asserts subject matter jurisdiction predicated on

2  28 U.S.C. § 1331, federal question jurisdiction, arising out of an alleged failure to comply with

3  42 U.S.C. § 3604(b), the Fair Housing Act ("FHA"), which forbids discrimination because of

4  race  in the provision of services in connection with rental of a dwelling.  The gravamen of

5  plaintiff's FHA claim is that defendants constructively evicted plaintiff from his rented premises

6  because of his race.  Plaintiff also asserts claims in the proposed amended complaint under 42

7  U.S.C. § 1983, the Civil Rights Act.  Because it appears plaintiff can cure the deficiency in the

8  jurisdictional allegations, the motion to dismiss will be granted but plaintiff will be granted an

9  opportunity to file an amended complaint.

10             However, plaintiff's proposed amended complaint is prolix.  It consists of 271

11  pages and contains superfluous verbiage addressing case law and statutes which are unnecessary

12  in a complaint.  Such argument is more appropriate in response to a motion to dismiss or for

13  summary judgment.  In the complaint's allegations plaintiff also does not adequately separate out

14  the individual claims and properly tie each defendant to allegedly wrongful conduct.  In any

15  amended complaint he may elect to file, plaintiff must allege facts demonstrating how the

16  conduct complained of has resulted in a deprivation of his federal rights.  See Ellis v. Cassidy,

17  625 F.2d 227 (9th Cir. 1980).

18             The proposed amended complaint is also deficient with respect to the allegations

19  pertaining to the alleged violation of plaintiff's civil rights.  The Civil Rights Act provides as

20  follows:

21             Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the

22

23        [2] The proposed amended complaint (Doc. No. 14) was filed the day before the hearing on
the motion to dismiss.  Under Federal Rule of Civil Procedure 15(a)(1)(B), the proposed

24  amended complaint could not be filed as a matter of right because more than 21 days elapsed
between the time the motion to dismiss was filed and the time the proposed amended complaint

25  was filed.  The court, however, has considered the allegations in the proposed amended
complaint in determining whether leave to amend should be granted to cure the jurisdictional

26  deficiencies evident in the original complaint.

1    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
2    law, suit in equity, or other proper proceeding for redress.

3  42 U.S.C. § 1983.

4          To state a claim under section 1983, a plaintiff must allege that:  (1) defendant

5  was acting under color of state law at the time the complained of act was committed; and (2)

6  defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

7  Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

8  (1988).  The majority of the defendants named in plaintiff's proposed amended complaint do not

9  appear to be state actors and therefore a claim under the Civil Rights Act cannot lie against these

10  defendants.  See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (tests articulated by the

11  Supreme Court for determining whether a private party's conduct constitutes state action).

12          Because plaintiff's proposed amended complaint is deficient as discussed above,

13  the court will provide plaintiff an opportunity to file an amended complaint.  As a model for

14  drafting such a document, plaintiff is directed to McHenry v. Renne, 84 F.3d 1172, 1177 (9th

15  Cir. 1996).  There, the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it

16  found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  It consists

17  largely of immaterial background information."  Id.   The court observed that the Federal Rules

18  require that a complaint consist of "simple, concise, and direct" averments.  Id.  As a model of

19  concise pleading, the court quoted the standard form negligence complaint from the Appendix to

20  the Federal Rules of Civil Procedure:

21          1.  Allegation of jurisdiction.

22          2.  On June 1, 1936, in a public highway, called Boylston Street, in
            Boston Massachusetts, defendant negligently drove a motor vehicle
23          against plaintiff, who was then crossing said highway.

24          3.  As a result plaintiff was thrown down and had his leg broken,
            and was otherwise injured, was prevented from transacting his
25          business, suffered great pain of body and mind, and incurred
            expenses for medical attention and hospitalization in the sum of
26          one thousand dollars.

                                    4

1        Wherefore plaintiff demands judgment against defendant in the
2        sum of one thousand dollars.

3  Id.  As noted by the court in McHenry, "[t]his complaint fully sets forth who is being sued, for

4  what relief, and on what theory, with enough detail to guide discovery.  It can be read in seconds

5  and answered in minutes."  Id.  Accordingly, any amended complaint plaintiff may elect to file in

6  this action should **not exceed twenty pages**.

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

9  amended complaint be complete in itself without reference to any prior pleading.  This is

10  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

11  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13  original complaint, each claim and the involvement of each defendant must be sufficiently

14  alleged.

15        This action was filed March 25, 2011.  Plaintiff names several defendants in both

16  the original complaint and the proposed amended complaint, but to date, only one defendant has

17  appeared in the action.  Federal Rules of Civil Procedure 4(e), (h), and (j) provide for the manner

18  of service.  No proofs of service of summons have been filed.  See Fed. R. Civ. P. 4(l).  Plaintiff

19  is cautioned that under Federal Rule of Civil Procedure 4(m), the court may dismiss an action

20  where service of summons is not made within 120 days after the filing of the complaint.

21        Accordingly, IT IS HEREBY ORDERED that:

22        1.  Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. No.

23  10) is granted with leave to amend;

24        2.  Plaintiff is granted thirty days from the date of service of this order to file an

25  amended complaint, not to exceed twenty pages, that complies with the requirements of the

26  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

1  bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff

2  must file an original and two copies of the amended complaint; failure to file an amended

3  complaint in accordance with this order will result in a recommendation that this action be

4  dismissed.

5  DATED: May 25, 2011.

6

7  _____

   DALE A. DROZD

8  UNITED STATES MAGISTRATE JUDGE

9  JMM
   adams.oah

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26