**Tyrone L. Adams - Pro Se Litigant**
**P.O. Box 981044**
**West Sacramento, California 95798**
**Telephone:  (407) 716 – 0233**

**PLAINTIFF**



FILED

JUN 2 3 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| **TYRONE L.  ADAMS, individual,** | ) **CASE NO: 2:11-CV-00826-GEB-DAD** |
| | ) |
| **Plaintiff,** | ) **AMENDED COMPLAINT** |
| | ) |
| **vs.** | ) |
| | ) |
| **Charles L. Easley, Andrew J.** | ) |
| **Paulson, Etal., CGLS Inc.  789 Liberty** | ) |
| **Road – Petaluma, CA 94952,** | ) **COMPLAINT FOR DAMAGES** |
| **a.k.a., LEE ROAD INVESTORS,** | ) |
| **FRANCINE LONG, MYERS FAMILY** | ) **DEMAND FOR JURY TRIAL** |
| **TRUST, CHRISTINE K. MYERS TRE,** | ) |
| **DONALD MYERS TRE, PENSCO** | ) |
| **TRUST COMPANY, PENSCO** | ) |
| **INCORPORATED, KELLY** | ) |
| **RODRIQUES, CHRIS RADICH,** | ) |
| **CYNTHIA WEAVER, TOM W.** | ) |
| **ANDERSON, PAUL SUPRE, GEORGE** | ) |
| **TREFCER, THELMA A. TURNER** | ) |
| **LIVING TRUST, THELMA A. TURNER** | ) |
| **TRE, BARNES FAMILY TRUST,** | ) |
| **CAROLINE H. BARNES TRE, DALE** | ) |
| **M. BARNES TRE, JACK BASS &** | ) |
| **CHARLENE GOODRICH REVOC** | ) |
| **TRUST, JACK BASS TRE, AMY M.** | ) |
| **BATES, CIANCIOLO REVOC TRUST,** | ) |
| **SHARON L. CIANCIOLO, SHARON L.** | ) |
| **CIANCIOLO TRE, CHARLENE** | ) |
| **GOODRICH TRE, GARY HOLBROOK,** | ) |
| **and DOES 1 – 50, inclusive, SUTTER** | ) |
| **COUNTY DEPARTMENT OF** | ) |
| **COMMUNITY SERVICES, MR.** | ) |
| **ROBERT BOYER, MR. LARRY** | ) |

BAGLEY, MR. RANDY CAGLE,            )
HOMEPOINTE PROPERTY                 )
MANAGEMENT COMPANY, MR.             )
ROBERT MACHADO, MS. ANN             )
FISHER, MS. EILEEN STEARMAN,        )
Mr. Don Felton, President, Culligan )
Water Systems  Company             )
Sacramento, Attorney John Judson    )
Waggoman, BRUCE  BUTTACAVOLI,       )
BUTTACAVOLI  INDUSTRIES             )
                                    )

**DEFENDANTS.**

# I.  **JURISDICTION**

1.  **Jurisdiction.** This court has jurisdiction over this complaint which asserts subject matter jurisdiction predicated on 28 U.S.C. § 1331, federal question jurisdiction, arising out of failure of All of the Owners of the leased property located at 188 Lee Road in Nicolaus, California 95659 to comply with 42 U.S.C. § 3604(b), the Fair Housing Act ("FHA"), which forbids discrimination because of race in the provision of services in connection with rental of a dwelling.  The gravamen of this Plaintiff's FHA complaint is that All of the Owners of the leased property located at 188 Lee Road in Nicolaus, California: (1) Based solely on prohibited racial bigotry, racial animus, racial prejudice and discrimination, constructively evicted this Plaintiff from the residential lease property for the entire two year term of the written lease contract, and (2) subsequently, filed an illegal, wrongful, Retaliatory "Unlawful Detainer" action against this Plaintiff forcefully evicting the Plaintiff from the leased residential property solely because the Plaintiff engaged in Federal Protected Activity of filing multiple complaints with the Sutter County California Department of Community Services Building Inspection - Building Code Enforcement Division and the Environmental Health Services Division concerning the deplorable, putrid, dilapidated conditions within the leased (rented) residence for the entire term of the twenty-four month lease.

Plaintiff also asserts claims under 42 U.S.C. § 1983, the Civil Rights Act.  This Plaintiff alleges that:

(1) Specified Defendants:  Attorney John Judson Waggoman, Mr. Randy Cagle, Mr. Larry Bagley, and Mr. Robert Boyer, while **acting under color of state law**,

(2) Engaged in prohibited conduct which deprived this Plaintiff of rights, privileges, or immunities secured by the United States Constitution, the Amendments to the Constitution, or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U. S. 42, 48 (1988).

(3) **State Action:**

"'Although a private [party] may cause a deprivation of . . . a right, [it] may be subjected to liability under § 1983 only when [it] does so under color of law.'" see Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 129, 156 (1978)), cert. denied, 116 S. Ct. 165 (1994). The Supreme Court in Lugar v. Edmondson Oil Co. articulated a two-part test which must be satisfied before an act of a

1

private party may be "fairly attributable to the State," rendering a private actor subject to Section 1983: First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. see Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

TITLE 18  PART II  CHAPTER 211  § 3231. District courts
The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.  Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

**28 U.S.C. § 1343(3) (1976) provides in pertinent part**:
The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:... (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

**2. DIVERSITY  JURISDICTION**
This Court also has jurisdiction over this complaint which asserts Diversity of citizenship; amount in controversy; costs pursuant to TITLE 28  PART IV CHAPTER 85 § 1332**(a)(2)**:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between, **(2)** citizens of a State and citizens or subjects of a foreign state.  Defendant, Pensco Trust Company, is one of the legally recorded and registered Owners of the leased residential property located at 188 Lee Road in Nicolaus, California.  Pensco Trust

Company is a non-depository trust company regulated and incorporated under the laws of the State of New Hampshire, is headquartered in Portsmouth, New Hampshire with its principle place of business is Portsmouth, New Hampshire.

**3. Supplemental jurisdiction**:  TITLE 28  PART IV  CHAPTER 85 § 1367.

28 U.S.C. § 1367 is a codification of the Supreme Court's rulings on ancillary jurisdiction (*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978))

This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

**4. VENUE**

Venue is appropriate in this Court because most of the acts and omissions giving rise to this lawsuit occurred in this district and because at least four defendants resides in this district.

## II. *Presidential Executive Orders*

*FEDERAL LAWS AGAINST RACIAL & ETHNIC DISCRIMINATION IN THE PROVISION OF HOUSING ACCOMMODATION.*  *President William Clinton issued an Executive Order announcing the:  "MAKE `EM PAY" CRACKDOWN BOOSTING FINES FOR HOUSING DISCRIMINATION HATE ACTS.* **As part of his crackdown on hate crimes, President Clinton instituted a five-part "Make `Em Pay" initiative to fight housing-related acts of hate violence and intimidation with sharply higher fines and increased enforcement.**

"The Fair Housing Act says every family in this nation has the right to live in any neighborhood and in any home they can afford," the President said. "Our message to those

who violate this law is simple: If you try to take this right away, we will make you pay -- with higher fines and stepped-up enforcement."

"Housing discrimination and hate violence are ugly parts of American history that have no place in our present or future," said Housing and Urban Development ("HUD") Secretary Andrew Cuomo, whose Department will spearhead the Make `Em Pay initiative in partnership with the Department of Justice. "At the President's direction, HUD is setting far tougher financial penalties to deter people from committing hate crimes and serious housing discrimination -- as well as to punish the worst offenders. This initiative makes clear that hate violence and housing discrimination do not pay."

The initiative intensifies the crackdown on illegal housing discrimination ordered by the President.  Make `Em Pay calls for:

- INCREASING PENALTIES FOR HATE ACTS INVOLVING HOUSING DISCRIMINATION: HUD's new rule would assess separate fines for each act of discrimination committed. Under these new guidelines, a first-time offender who commits multiple acts of proven discrimination would face a fine of up to $11,000 for each individual act.

- A CLOSER PARTNERSHIP BETWEEN HUD AND THE DEPARTMENT OF JUSTICE: The Department of Justice will strengthen an existing agreement with HUD to assist in the crackdown against hate acts involving housing discrimination. HUD will promptly refer appropriate cases to Justice for criminal prosecution.

**Race Discrimination and the Fair Housing Act**

Congress enacted the Fair Housing Act of 1968 in order to promote equal access to housing opportunities. The Fair Housing Act (along with its amendments) states that property owners, financial institutions, and landlords may not discriminate on the basis of race and national origin (the Act also prohibits discrimination based on sex, religion, family status, disability, and more).

Specifically, property owners, financial institutions, and landlords may not take the following action (or inaction) based on race of the actual or potential buyer, tenant, or applicant:

- Refusing to rent housing; Refusing to negotiate for housing; Making housing unavailable; Providing different terms to different people; Setting different conditions or privileges for rental of a property;

- Fair Housing Act
  Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), as amended, prohibits discrimination in the rental of dwellings, and in other housing-related transactions, based on race, color.

- Title VI of the Civil Rights Act of 1964
  Title VI prohibits discrimination on the basis of race, color.

- Presidential Executive Orders Related to Fair Housing:  Executive Order 12898

- **Sec. 813.[42 U.S.C. 3613] Enforcement by Private Persons**:

(a) Civil Action. (1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this title, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

(b) Appointment of Attorney by Court. -- Upon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may: (1) appoint an attorney for such person; or (2) authorize the commencement or continuation of a civil action under subsection (a) without the payment of fees, costs, or security, if in the opinion of the court such person is financially unable to bear the costs of such action.

This Plaintiff petitions this Honorable Court to APPOINT AN ATTORNEY TO REPRESENT THIS PLAINTIFF IN ALL COURT OR LEGAL PROCEEDINGS IN REFERENCE TO THESE CLAIMS, IN ALL COURT APPEARANCES, COURT HEARING, MOTIONS, DISCOVERY, SERVICE OF PROCESS OF DEFENDANTS,

5

TRIAL BY JURY, COUNTER CLAIMS BY DEFENDANTS, CROSS CLAIMS BY DEFENDANTS, IN FILING RESPONSES TO DEPOSITIONS, SUBPOENAS, JURY SELECTION, VOIR DERE, PROSECUTION, AND RESPONDING TO INTERROGATORIES.

(c) Relief Which May Be Granted. -- (1) In a civil action under subsection (a) , if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d) , may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate) .

## III. CAUSES OF ACTION UNDER FEDERAL LAW AGAINTS ALL THE REGISTERED OWNERS OF THE LEASED (RENTED) RESIDENTIAL PROPERTY AT 188 LEE ROAD.

### (1) CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD.

ON or ABOUT March 27, 2009, through April 29, 2011 this Plaintiff was constructively convicted from the leased (rented) residential property because ALL the Owners of the leased property illegally violated: United States Code TITLE 42 CHAPTER 21 SUBCHAPTER I § 1981. Equal rights under the law

**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined**

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

6

**(c) Protection against impairment :** The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.  On or about, March 27, 2009 – April 29, 2011, All of the Owners of the leased residential property UNANIMOUSLY conspired to intentionally violate the written terms of the twenty-four month lease (rental) with malice, and motivated by racial bigotry, racial prejudice, racial animus, and pecuniary greed. These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and gross criminal negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health.   Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally gross negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.
This Plaintiff REQUESTS THIS HONORABLE COURT GRANT IMMEDIATE MONETARY and STATUTORY RELIEF AS APPROPRIATE which IS BROAD and CREATIVE and to CONVENE A GRAND JURY TO DETERMINE PROBABLE CAUSE FOR INDICTING and CHARGING ALL OF THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD WITH THE FOLLOWING PROHIBITED CRIMINAL ACTIONS:  ALL of the Owners of the Leased Property at 188 Lee Road are guilty of: Multiple Illegal acts of prohibited discriminatory retaliation against this Plaintiff which has caused severe harm, injury, and damages.  But for the illegal racially discriminatory conduct by All of the Owners, this Plaintiff would not have been injured.  The Owners would not treat a tenant of white Anglo-Saxon Protestant ancestry, or Eastern European ancestry, or Asian ancestry, or Middle

Eastern ancestry, or East Indian ancestry in this similar illegal and racially discriminatory manner.

## (2) CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD.

ON or ABOUT March 27, 2009, through April 29, 2011 this Plaintiff was constructively convicted from the leased (rented) residential property because ALL the Owners of the leased property illegally violated this Plaintiff's civil rights by refusing to comply with the legal mandates under the Federal Housing Act to not engage in prohibited racial discrimination in the provision of housing accommodations.  All the Owners unanimously conspired to deprive this Plaintiff of rights, privileges, protections, and immunities guaranteed under the United States Constitution, the Bill of Rights, the Fourth and Fourteenth Amendments to the U.S. Constitution,  the Civil Rights Acts, and the federal fair housing act by deliberately refusing to provide contractually mandated  HABITABLE housing accommodation in direct violation of: United States Code TITLE 42  CHAPTER 21  SUBCHAPTER I § 1988.

*§ 1988. Proceedings in vindication of civil rights*

**(a) Applicability of statutory and common law**

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

**(b) Attorney's fees**

In any action or proceeding to enforce a provision of

sections 1981, 1981a,1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318

[20U.S.C. 1681 et seq.],title VI of the Civil Rights Act of 1964 [42U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health. Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental affects the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

### (3) <u>CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD.</u>

ON or ABOUT March 27, 2009, through April 29, 2011 this Plaintiff was constructively convicted from the leased (rented) residential property because ALL the Owners of the leased property illegally violated this Plaintiff's civil rights by refusing to comply with the legal mandates under the Federal Housing Act to not engage in prohibited racial discrimination in the provision of housing accommodations. On March 28, 2011, ALL the Owners of the leased property filed an Illegal, Wrongful, RETALIATORY "UNLAWFUL DETAINER EVICTION ACTION" against this Plaintiff in complete violation of the written terms and

9

contractual agreements regarding Habitability and Possession of the leased residence. According to the clearly delineated terms of the written lease agreement, possession of the leased (rented) luxury residential property is contingent upon the Owners' (lessor's) ability to provide housing accommodations which are habitable, clean, and free from harmful or hazardous conditions or encumbrances.  The leased (rented) residential luxury home has NEVER been habitable during the entire term for the written lease.  Therefore, this Plaintiff was Constructively Evicted, and ILLEGALLY forcefully EVICTED using an "Unlawful Detainer" action to involuntarily remove this Plaintiff from the leased property in discriminatory Retaliation for engaging in federally protected activity to enforce compliance with state and federal fair housing laws, statutes, codes, and Presidential Executive Orders. These illegal actions and conduct have resulted in extensive, severe, and irreparable financial damage, permanent medical harm, physical injury, psychological harm, and sever emotional duress, and intentional infliction of emotional distress to this Plaintiff.

 ALL of the Owners of the leased property had a duty of care under the implied warranty of habitability to provide this Plaintiff with a safe, clean, and habitable housing accommodations free of harmful, dangerous conditions.   All of the Owners conspired to UNANIMOUSLY breach this duty of care for the expressed purpose of forcing an Involuntary, illegal, constructive eviction of this Plaintiff.  All the Owners unanimously conspired to deprive this Plaintiff of rights, privileges, protections, and immunities guaranteed under the United States Constitution, the Bill of Rights, the Fourth and Fourteenth Amendments to the U.S. Constitution,  the Civil Rights Acts, and the federal fair housing act by deliberately refusing to provide contractually mandated  HABITABLE housing accommodation in direct violation of:  United States Code TITLE 42  CHAPTER 21 SUBCHAPTER I § 1982

### § 1982. Property rights of citizens

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with

careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health. Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental affects the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

This Plaintiff REQUESTS THIS HONORABLE COURT GRANT IMMEDIATE MONETARY and STATUTORY RELIEF AS APPROPRIATE which IS BROAD and CREATIVE and to CONVENE A GRAND JURY TO DETERMINE PROBABLE CAUSE FOR INDICTING and CHARGING ALL OF THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD WITH THE FOLLOWING PROHIBITED CRIMINAL ACTIONS:  ALL of the Owners of the Leased Property at 188 Lee Road are guilty of: Multiple Illegal acts of prohibited retaliation against this Plaintiff which has caused severe harm, injury, and damages.

## (4) CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD.

ON or ABOUT March 27, 2009, through April 29, 2011 this Plaintiff was constructively convicted from the leased (rented) residential property because ALL the Owners of the leased property illegally conspired to violate this Plaintiff's civil rights by refusing to comply with the legal mandates under the Federal Housing Act to not engage in prohibited racial discrimination in the provision of housing accommodations.  All the Owners unanimously conspired to deprive this Plaintiff of rights, privileges, protections, and immunities guaranteed under the United States Constitution, the Bill

11

of Rights, the Fourth and Fourteenth Amendments to the U.S. Constitution, the Civil Rights Acts, and the federal fair housing act by deliberately allowing the conditions within this new luxury leased (rented) residential property to deteriorate to a deplorable & dilapidated condition so severe that the Plaintiff was forced to involuntarily evacuate possession of the residence.  ALL of the Owners are similarly situated in this illegal constructive eviction.  All of the registered Owners had actual knowledge of the multiple violations in the Health and Safety Codes which rendered the new luxury residence Uninhabitable.  ALL of the Owners engaged in explicit consent to the illegal constructive eviction of this Plaintiff.   ALL the Owners received written notification of the egregious putrid conditions within this new luxury residence.  However, ALL the registered Owners surreptitiously conspired to effect an illegal constructive eviction based on malice, racial animus, racial bigotry, and racial discrimination by refusing to provide contractually mandated  safe, habitable, non-hazardous housing accommodations in direct violation of: TITLE 18  PART I  CHAPTER 13  § 241.  § 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; They shall be fined under this title or imprisoned not more than ten years, or both.

All the Owners illegally engaged in organized conspiracy to blatantly refuse to obey direct orders from the Sutter County Department of Community Services to immediately abate the horrid and rancid conditions within this new luxury leased residence.  In November, 2009 this Plaintiff filed repeated affidavits with the Sutter County Department of Community Services codifying and documenting the presence multiple conditions which render the leased residence Uninhabitable.   In flagrant Retaliation against this Plaintiff, ALL of the registered Owners unanimously agreed to conspire to EVICT this tenant through a racially motivated Constructive Eviction to force this Plaintiff out of the leased property.  All the Owners of the leased residential property owed this Plaintiff a duty of care not to engage in any illegal, unlawful conduct which would potentially cause this Plaintiff any potential medical or physical harm, danger, medical injury, emotional or psychological distress.  ALL

of the registered Owners unanimously conspired to breach that duty of care owed this Plaintiff.  As a direct sole actual proximate cause in fact of the Owners' racially motivated illegal conduct and retaliatory constructive eviction, this Plaintiff has suffered irreparable harm, damages, and injury.  These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health.   Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental affects the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

This Plaintiff REQUESTS THIS HONORABLE COURT GRANT IMMEDIATE MONETARY and STATUTORY RELIEF AS APPROPRIATE which IS BROAD and CREATIVE

### (5) **CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD**

ON or ABOUT November 27, 2009, this Plaintiff contacted the Sutter Department of Community Services concerning the deplorable conditions within this new luxury leased (rented) residential property located at 188 Lee Road.  This Plaintiff  was constructively convicted from the leased (rented) residential property as a direct actual and proximate cause in fact of the Owners' retaliation against the Plaintiff for engaging in legal federally protected activity of seeking redress for violation of federal fair housing laws and statutes,.  ALL of the Owners of the leased property illegally

conspired to violate this Plaintiff's civil rights by refusing to comply with the legal mandates under the Federal Housing Act to not engage in prohibited racial discrimination in the provision of housing accommodations.  All the Owners unanimously conspired to deprive this Plaintiff of rights, privileges, protections, and immunities guaranteed under the United States Constitution, the Bill of Rights, the Fourth and Fourteenth Amendments to the U.S. Constitution, the Civil Rights Acts, and the federal fair housing act by deliberately allowing the conditions within this new luxury leased (rented) residential property to deteriorate to a deplorable & dilapidated condition so severe that the Plaintiff was forced to involuntarily evacuate possession of the residence.  ALL of the Owners are similarly situated in this illegal constructive eviction.

In December, 2009, ALL of the registered Owners of the leased (rented) property located at 188 Lee Road received written notice from the Sutter County Department of Community Services to immediately remediate each and every violation of the California Health & Safety Code, the Uniform Plumbing Code, the California Building Standards Code, with specific order to correct, repair, professionally remediate any and all conditions which rendered the leased luxury (rented) residence UNINHABITABLE.

In September, 2010, after receiving over six certified written citations and warnings from the Sutter County Department of Community Services, two of the registered Owners of the leased (rented) residential property were officially charged with CRIMINAL MISDEMEANOR charges by the Sutter County District Attorney's Office after blatant, flagrant, intentional, willful refusal to comply with the written demands of multiple citations issued by the Sutter County Department of Community Services. All of the registered Owners had actual knowledge of the multiple violations in the Health and Safety Codes which rendered the new luxury residence Uninhabitable.

 ALL of the Owners engaged in explicit consent to the illegal constructive eviction of this Plaintiff.   ALL the Owners received written notification of the egregious putrid conditions within this new luxury residence.  However, ALL the registered Owners surreptitiously conspired to effect an illegal constructive eviction based on malice,

racial animus, racial bigotry, and racial discrimination by refusing to provide contractually mandated safe, habitable, non-hazardous housing accommodations in direct violation of:  United States Code TITLE 18 PART I  CHAPTER 73  § 1513.

**Retaliating against a witness, victim, or an informant**

**(b)** Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for:

**(1)** the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

**(2)** any information relating to the commission or possible commission of a Federal offense or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

**(c)** If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

**(e)** Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

**(f)** Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

ALL of the Owners of the leased property located at 188 Lee Road conspired to willfully and with malice refuse to promptly and professionally remediate the rancid, deplorable conditions within the new luxury leased (rented) residence for the specific purpose of illegally retaliating against this Plaintiff for initiating and engaging in federally protected legal proceedings by filing an affidavit & complaint against ALL the Owners of the leased property with the Sutter County Department of Community Services.  ALL the Owners threatened to evict this Plaintiff in retaliation for seeking legal assistance to enforce county, stated, and

15

federal fair housing laws, codes, and statutes.  Because of racial bigotry, racial hatred, racial discrimination, ALL the Owners maliciously responded to this Plaintiff with harassing and threatening demands " to stop complaining and pay the monthly lease payments or evacuate the leased property and surrender possession.

ALL of the Owners further threatened this Plaintiff by stating if the Plaintiff refused, under duress to continuing paying the illegally demanded monthly leased payments, that the Owners would issue a "three pay or quit notice."  In December, 2009, this Plaintiff received the first of several written threats to illegally actually evict this Plaintiff. These actions were clearly racially motivated and perpetrated to inflict the maximum degree of financial harm, duress, distress, and fear of physical force.  These racially discriminatory actions by all the Owners clearly violate of state and federal laws against Illegal housing discrimination based on race.  The Owners of the leased residential property would never engage in this type of conduct against a person of white Anglo-Saxon Protectant ethnic heritage, or an Eastern Indian, European, or Asian ethnic background.

 These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health. Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

**(6) CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD**

TITLE 18 PART I  CHAPTER 13 § 249. Hate crime acts

**(a) In General.—**

**(1) Offenses involving actual or perceived race, color, national origin.—** Whoever, whether or not acting under color of law, willfully causes bodily injury to any person or,........attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person—

**(A)** shall be imprisoned not more than 10 years, fined in accordance with this title, or both; and

**(B)** shall be imprisoned for any term of years or for life, fined in accordance with this title, or both,

　　(1) **(A) In general.—** Whoever, whether or not acting under color of law, in any circumstance described in subparagraph (B) or paragraph (3), willfully causes bodily injury to any person or, .

On or about March 27, 2009 through April 20, 2011, ALL of the Owners of the leased property located at 188 Lee Road willfully, intentionally, with malice, and motivated by racial animus, racial bigotry, racial discrimination did cause severe irreparable medical harm and injury to this Plaintiff by:

　　　　(a) conspiring to fraudulently conceal the presence of harmful, potentially life threatening toxic black mold and mildew which is diffusely present throughout the luxury leased residence,

　　　　(b) failure to properly remediate, repair, and correct the actual cause of repeated indoor water intrusion and indoor flooding by direct and intentional refusal to replace the all the broken and defective doors within the three year old luxury leased residence as ordered by the Sutter County Department of Community Services,

　　　　(c) blatant, flagrant, refusal to provide clean, uncontaminated, potable water supply throughout the leased residence,

(d) intentional failure to remediate correct and repair all the multitude of offensive and reprehensible conditions which rendered the leased (rented) luxury home UNINHABITABLE during the entire term of the written lease contract,

(e) Illegally filing a Wrongful, Retaliatory, racially discriminatory, Unlawful Detainer Action for the specific intent of retaliating against this Plaintiff for reporting the putrid, atrocious conditions within this three year old luxury residential property to the Sutter County Department of Community.

(f) ALL the Owners of the leased (rented) property owed a duty of care to this Plaintiff to provide safe, clean, habitable housing accommodations free of hazards conditions, according to the terms and conditions of the written lease contract.

(g) ALL of the Owners breached their duty of care to this Plaintiff with reckless disregard to the health, safety, and wellbeing of this tenant.  Two of the Owners, Charles Easley and Andrew Paulson, were criminally charged and prosecuted for Criminal Misdemeanor charges by the Sutter County District Attorney's Office because of the blatant failure and refusal of ALL the Owners to promptly comply with the multiple written citations and orders from the Sutter County Department of Community Services.

(h) These criminal actions by ALL of the Owners of the leased property at 188 Lee Road have resulted in intentional, irreparable medical harm, immunological harm, neurological harm, and physical injury to this Plaintiff.

(i) These criminal actions are hate crimes perpetrated against this Plaintiff by ALL of the registered Owners of leased property are the sole actual and proximate cause in fact for the Plaintiff's emergency hospitalization in June, 2009 as a direct actual and proximate cause in fact of involuntary exposure to:

(a) fraudulently concealed toxic black mold and mildew,

(b) Exposure to Non-potable putrid, rancid, foul smelling water supply within the leased residence which was determined to be grossly contaminated with toxic, potentially life threatening,  levels Arsenic, Aluminum, Copper, and Lead,

(c) On or about March 26, 2011 and on March 27, 2011, this Plaintiff employed the professional services of a two certified, bonded professional home and building inspector to inspect, investigate, and evaluate whether the home in its present condition was in compliance with all applicable state and federal housing laws and building, and plumbing codes. On March 27, 2011, the certified bonded home inspector discovered three propane gas leaks in the relatively brand new heating units located in the first and second floor attics. On the same day, March 27, 2011, the Sutter County Fire Department for Nicolaus, California, inspected the two attic spaces and confirmed the presence actively leaking propane gas and order evacuation of the leased residence until repairs were professionally and competently performed. These conditions were potentially life threatening and represent Gross Negligence and Criminal Gross Negligence by ALL of the Owners for failure to maintain, inspect the heating and air conditioning equipment , and intentional refusal to remediate the putrid conditions within the leased residential property.

(d) On March 27, 2011, the same certified bonded home inspector discovered the presence of fraudulently concealed diffuse, widespread, toxic mold and mildew infestation throughout both attic spaces growing uninhibited at multiple locations in both attic spaces. Because of the breach of the duty of care by ALL of the registered Owners of this luxury residence, this Plaintiff has been seriously, irreparably, and maliciously permanently injured by the presence of this fraudulently concealed toxic black mold and mildew which ALL of the Owners had a duty of care to inspect, remove, remediate and repair any health hazards, or documented health risk present in the leased residence.

ALL of the Owners of the leased (rented) are responsible for civil liability and criminal culpability for these reprehensible illegal conduct and crimes of hatred against this Plaintiff in STRICT violation of state and federal hate crime legislation, laws, penal codes, United

19

States Codes, and statutes.  This Plaintiff has suffered irreparable harm, medical injury, and damage to all the Plaintiff's personal property and belongings.

These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health. Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.  This Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages.

### (7) **CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD:**

Violation of TITLE 18  PART I  CHAPTER 79 § 1623.

**False declarations before grand jury or court:**

**(a)** Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.

**(c)** An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if—

**(1)** each declaration was material to the point in question, and

**(2)** each declaration was made within the period of the statute of limitations for the offense charged under this section.

In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury. It shall be a defense to an indictment or information made pursuant to the first sentence of this subsection that the defendant at the time he made each declaration believed the declaration was true.

**(d)** Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.

**(e)** Proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence.


ON April 29, 2011, in the Superior Court of California in and for Sutter County, ALL of the Owners of the leased property located at 188 Lee Road, through and by the actions of their employed Attorney John Judson Waggoman, under color of law, as an officer of the California Supreme Court, stated under penalty of perjury under the laws of the State of California, that:

    (a) All the court mandated professional repairs, remediation, professional removal of toxic levels of mold, mold spores, and mildew was completed with a post remediation clearance inspection,

(b) Removal of ALL toxic levels of Arsenic, Lead, Copper, and Aluminum from all the water supply within the leased residence, and the provision of safe, potable, uncontaminated, non-purulent, non-foul smelling safe water supply throughout the entire residence had been completed,

(c) Repair and or replacement of ALL defective, broken doors and remediation of defective weather stripping and insulation at each and every exterior entry doors, effectively preventing any further indoor flooding or indoor water intrusion,

(d) Repair and or remediation of all dampness of habitable space, with removal replacement of ALL mold and mildew infested and contaminated wood structures, sheet rock, moldings, baseboards, carpeting, carpet padding, flooring, sub-flooring, was professionally and completely done with a post remediation inspection.

These statements were made, under penalty of perjury, to the presiding judge at the Unlawful Detainer Hearing on Friday, April 29, 2011 in Yuba City, California.

This Plaintiff requested a jury trial to confirm or deny the truthfulness or falseness of Attorney Waggoman's statements and claims under penalty of perjury.  These statements by Attorney Waggoman, on behalf of ALL the Owners of the leased property were NOT TRUTHFUL.  This Plaintiff has proof beyond a reasonable doubt that on Friday, April 29, 2011, Attorney John Judson Waggoman made fraudulent, untrue statements about the conditions within the leased residence for the purpose to misleading, and possibly defrauding the court, in the interest of, and to the benefit of ALL the Owners of the leased property.

At this hearing on Friday, April 29, 2011, this Plaintiff provided samples of grossly polluted, foul smelling, contaminated water retrieved from multiple locations within the leased residence located at 188 Lee Road in Nicolaus, California, one hour before the start of the Unlawful Detainer Hearing.

This Plaintiff can provide EXPERT testimony, laboratory culture results on toxic black mold infestation, microbiological culture, and bacterial culture results which clearly beyond a reasonable doubt REPUDIATE the statements made by Attorney Waggoman.  This evidence is further documented by high definition AUDIO-VISUAL recordings of the continued diffuse infestation of the leased residence with toxic black mold and mildew on Friday, April 29, 2011.

This Plaintiff has extensive (eight hours) of high definition AUDIO-VISUAL proof, and photographic documentation, written professional home and building inspection affidavits which REPUDIATE the statements made in court and Attorney Waggoman, and will prove beyond a reasonable doubt Attorney Waggoman's statement were intentionally and knowingly untrue and false.

These untrue and fraudulent statements proffered by Attorney Waggoman, in the Superior Court of California in and for Sutter County, **under color of law**, on behalf of, and in the interest of ALL the Owners of the leased property located at 188 Lee Road, have caused severe financial damage, and form the factual basis for all the medical injuries, physical harm, irreparable immunological, neurological and emotional, psychological duress, the intentional infliction of emotional distress, pain, and suffering perpetrated against, and inflicted upon this Plaintiff by ALL of the Owners of the leased (rented) property located at 188 Lee Road.

ALL of the Owners of the leased (rented) are responsible for civil liability and criminal culpability for these reprehensible illegal conduct and crimes of hatred against this Plaintiff in STRICT violation of state and federal hate crime legislation, laws, penal codes, United States Codes, and statutes.  This Plaintiff has suffered severe financial loss, irreparable harm, medical injury, and damage to all of the Plaintiff's personal property and all of the Plaintiff's belongings maintained within premises of 188 Lee Road.

These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health.

Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages. ALL of the Owners of the Leased Property at 188 Lee Road are guilty of: Multiple Illegal acts of prohibited retaliation against this Plaintiff which has caused severe harm, injury, and damages.  This Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages.

### (8) **CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD**:

On March 28, 2011, ALL the Owners violated this Plaintiff's rights under the federal fair housing act by illegally filing a RETALIATORY UNLAWFUL DETAINER ACTION against this Plaintiff.  The Owners allege that the Unlawful Detainer Action was legal and appropriate due to the termination of the lease term under the written leased contract. However, the same written lease agreement contains specific contractual rules and contractual obligations which state that Possession of the leased (rented) residential property by the Plaintiff is conditioned on the Owner's (Landlord's) written legal obligation to provide habitable residential living accommodations beginning on March 27, 2009.  ALL the Owners of the leased (rented) luxury residential property had a duty of care under state and federal laws to provide safe, clean, habitable living accommodations free of harmful, dangerous, potentially life threatening conditions at the leased residential property.  ALL of the Owners repeatedly and intentionally conspired to breach the duty of care and to violate the implied warranty of habitability required under both state and federal laws, codes, and statutes.  Furthermore, ALL of the Owners are specifically ENJOINED and prohibited under federal law to not engage in racially discriminatory or illegal, harassing, threatening, practices, or harmful conduct or behavior.  All of the Owners of the leased property are guilty of violations of:

**Title 42, U.S.C., Section 3631 - Criminal Interference with Right to Fair Housing.**

This statute makes it unlawful for any individual(s), Whoever, whether or not acting under color of law, by the use of force or threatened use of force, to injure, intimidate, or interfere with (or attempt to injure, intimidate, or interfere with), any person's housing rights because of that person's race, color, or national origin.   Among those housing rights enumerated in the statute are: renting of a dwelling; the occupation of a dwelling; contracting or negotiating for any of the rights enumerated above.

## Title 42 U.S.C. § 3617 – Interference, coercion, or intimidation; enforcement by civil action:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804,805, or 806 of this title.

ALL of the Owners are guilty of the crime of EXORTION through the use of written and verbal threats to force the Plaintiff, UNDER DURESS and COERCION, AND THREATS OF IMMEDIATE ACUTUAL EVICTION to repeatedly make ILLEGAL lease payments for residual rental property which ALL the registered Owners knew has been determined to be UNINHABITABLE by the Sutter County Department of Community Service Environmental Health Division and Building Inspection Division since November, 2009.

Furthermore, the leased (rented) luxury residential property has continuously been UNINHABITABLE throughout the entire term of the lease contract.  ALL of the Owners of the leased property illegally EXORTED monthly lease payments from March 27, 2009 until February, 2010 in addition to an initial security deposit payment equivalent to one month's rent. ALL of the Owners are guilty defrauding this Plaintiff of his federally protected rights under state and federal laws by maliciously, intentionally depriving this Plaintiff of the quiet possession of the leased residential property since March 27, 2009.

ALL of the Owners have violated this Plaintiff constitutionally guaranteed rights under the Fourth amendment "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."   Unreasonable seizures, including an ILLEGAL RETALIATORY EVICTION, motivated by racial prejudice, racial discrimination, racial animus, racial bigotry, color, ethnicity, or national origin.

This Plaintiff was involuntarily and illegally forced to live in alternative residential housing accommodations away from 188 Lee Road during the entire term of the leased contract. Simultaneously, ALL the Owners maliciously demanded payment of the monthly lease (rental) payment under extreme written and verbal coercion, extortion, duress, and threats of actual physical eviction.

This Plaintiff has suffered severe financial loss, irreparable harm, medical injury, and damage to all the Plaintiff's personal property and all of the Plaintiff's belongings maintained within premises of 188 Lee Road.

These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health. Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

## (9) <u>CAUSE OF ACTION UNDER FEDERAL LAW AGAINST ALL THE OWNERS OF THE LEASED PROPERTY LOCATED AT 188 LEE ROAD:</u>

**VIOLATIONS UNDER THE FEDERAL HOUSING ACT**:

In 1972, the United States Supreme Court provided significant guidance for interpreting the Federal Fair Housing Act in the case *Trafficante v. Metropolitan Life Insurance*

*Company.  Trafficante,, Id. At 209,* involved the rights of current tenants in a large apartment complex to sue their landlord over discrimination of minority applicants. Finding the plaintiffs had "standing", the Court offered four tenets of statutory construction for the Fair Housing Act.

1. The FHA should be construed broadly; *Trafficante, Id. At 210*

2. Integration is an important goal of the FHA; *Trafficante, Id. At 211*

3. Courts may, when appropriate, rely on case law under Title VII of the Civil Rights Act (prohibiting employment discrimination) to interpret the FHA; *Trafficante, Id.at 209*

4. HUD interpretations of the FHA are entitled to substantial weight. *Trafficante, Id.at 210*

Violations of the FHA are actionable under many theories.

Three types of FHA actions are:

**Disparate Treatment (Discriminatory Conduct)** - An action based on disparate treatment requires a showing of discriminatory conduct and generally requires some evidence of discriminatory intent. This evidence can be either direct or indirect.

From November, 2009 through April 29, 2011, ALL the Owners of the leased property violated this Plaintiff's rights under the Fair Housing Act by racially discriminatory practices of retaliating against this Plaintiff for exercising rights and privileges guaranteed under the Constitution of the United States and the fourth and fourteenth Amendments.  ALL the Owners conspired to file an illegal unlawful detainer action against this Plaintiff in clear and specific violation to the terms of possession clearly delineated in the written lease contract. All of the Owners of the leased residential property unanimously conspired to delay or completely fail to correctly, completely, and competently remove all of the water damages carpeting, carpet padding, water damages wood structures including the flooring, baseboards, sheet rock, and the sub-flooring on the second floor.  Additionally, ALL of the Owners failed to promptly initiate any remedial repairs, corrections, modifications to the broken defective exterior entry doors from March 27, 2009 until January, 11, 2011.  This resulted in prolonged repeated indoor water intrusion and repeated indoor flooding with the subsequent extensive infestation of the entire home with toxic black mold and mildew. These illegal and criminal gross negligent actions by ALL of the Owners rendered the leased residence UNINHABITABLE during the entire term of the lease.  Consequently, this Plaintiff was illegally Constructively Evicted from the leased residence based solely on racial

prejudice, racial discrimination, and racial bigotry in retaliation for this Plaintiff reporting the egregious conditions within the leased residence to the county code enforcement agency. As a consequence, this Plaintiff has suffered irreparable harm, medical injury, and damage to all the Plaintiff's personal property and belongings.

These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health. Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

### (10)    CAUSE OF ACTION AGAINST ALLOF THE OWNERS OF LEASED PROPERTY AT 188 LEE ROAD:

#### Disparate Treatment (Discriminatory Conduct)

Disparate treatment litigation involves a three-part burden shifting process:

**First,** the party claiming discrimination must establish a prima facie case. A prima facie case of disparate treatment in violation of the FHA requires the plaintiff to establish that: The plaintiff is a member of a protected class; This Plaintiff is a member of a "protected class of United States citizens under the FHA.

This Plaintiff applied for and was clearly without equivocation qualified to rent the leased property at 188 Lee Road;

28

The plaintiff was Constructive Evicted from the residence during the entire term of the lease contract from March 27,2009 to April 29, 2011 purely because of the Owners' racial bigotry and racial animus against this Plaintiff; and

BUT FOR the Owners Unanimously conspiring to Constructively Evict this Plaintiff, the leased luxury residential property at 188 Lee Road would still be available for rental occupancy by this Plaintiff.

From March 27, 2009 to April 29, 2011, ALL of Owners conspired to intentionally delay or blatantly simply refused to perform the necessary repairs, remediation, and correction of the multiple code violations for the specific purpose of forcing an INVOLUNTARY constructive eviction of this Plaintiff in retaliation for reporting the atrocious conditions to Sutter County Code Enforcement officers.  This is racially discriminatory illegal conduct.

**Second, ALL the Owners** of the leased (rented) residential property must be charged with retaliatory racial discrimination and bear the burden of producing a legitimate nondiscriminatory reason for the alleged illegal retaliatory discriminatory conduct. This burden is substantial, and if ALL the Owners cannot (landlords) can show no legitimate nondiscriminatory reason for the alleged conduct, then this Plaintiff must prevail.

**Third, ALL of the Owners cannot proffer a legitimate reason or legal explanation for their unlawful prohibited conduct.  There are no** legitimate nondiscriminatory reasons for the Owner's alleged conduct.  The Owners have never articulated an explanation for the prohibited conduct.  Any attempt by the Owners to fabricate a legitimate explanation of justification for their illegal conduct would not substantial enough to justify the discriminatory effect or that the reasons are merely pretextual.

As a consequence, this Plaintiff has suffered irreparable harm, medical injury, and damage to all the Plaintiff's personal property and belongings.

These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages,

Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health. Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

### (11)  CAUSE OF ACTION AGAINST ALL OF THE OWNERS OF THE PROPERTY LOCATED AT 188 LEE ROAD:

**Disparate Impact (Discriminatory Impact)** - Courts also allow the theory of disparate impact from Title VII employment cases to be used to prove **FAIR HOUSING ACT (FHA)** violations.

**Disparate Impact (Discriminatory Impact)** - Courts also allow the theory of disparate impact from Title VII employment cases to be used to prove FHA violations. *See, e.g.,* Metropolitan Hous. Dev. Corp. v. Village of Arlington Heights, 558 F.2d 1283 (7th Cir. 1977). Disparate impact cases involve policies and practices that, although not facially discriminatory, have a discriminatory effect on a protected class. Often, the FHA violation that has a disparate impact on members of a protected class has a *disproportionately adverse* impact on members of that protected class.

The critical distinction between disparate treatment and disparate impact cases is that the former requires some proof of discriminatory *intent*, whereas disparate impact cases do not. SEE, 101 409 U.S. 205 (1972).

From March 27, 2009 through April 29, 2011, ALL of the registered Owners of the leased property located at 188 Lee Road UNANIMOUSLY CONSPIRED TO MAKE THE LEASED RESIDENT AT 188 LEE ROAD UNINHABITABLE  based solely on the illegal discriminatory intent of forcing an INVOLUNTARY CONSTRICTIVE EVICTION of this Plaintiff .  This

prohibited conduct represent discriminatory refusal to rent to this legally and financially qualified Plaintiff.

There illegal actions are actionable and are prohibited under state and federal fair housing statutes.  ALL of the Owners are guilty of violating:

**42 U.S.C. § 3604 – Discrimination in rental of housing and other prohibited Practices.**

**24 Code of Federal Regulations: Subtitle B, Ch. 1**

**§ 100.60 - Unlawful refusal to rent or to negotiate for rental.**

(a) It shall be unlawful for a person to refuse to rent a dwelling to a person who has made a *bona fide* offer, because of race, color, national origin or to refuse to negotiate with a person for the rental of a dwelling because of race, color, national origin, or to discriminate against any person in the rental of a dwelling because of handicap.

(b) Prohibited actions under this section include, but are not limited to:

(5) Evicting tenants because of their race, color, national origin......

**§ 100.65 Discrimination in terms, conditions and privileges and in services and facilities.**

(a) It shall be unlawful, because of race, color, national origin, to impose different terms, conditions or privileges relating to the sale or rental of a dwelling or to deny or limit services or facilities in connection with the rental of a dwelling.

(b) Prohibited actions under this section include, but are not limited to:

(1) Using different provisions in leases or contracts of sale, such as those relating to rental charges, security deposits and the terms of a lease and those relating to down payment and closing requirements, because of race, color, or national origin.

**(2) Failing or delaying maintenance or repairs of rental dwellings because of race, color, national origin.**

TITLE 24--CHAPTER I—

PART 100--DISCRIMINATORY CONDUCT UNDER THE FAIR HOUSING ACT

Subpart F--Interference, Coercion or Intimidation

Sec. 100.400 -Prohibited interference, coercion or intimidation.

31

(a) This subpart provides the Department's interpretation of the conduct that is unlawful under section 818 of the Fair Housing Act.

(b) It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this part.

(c) Conduct made unlawful under this section includes, but is not limited to, the following:

(1) Coercing a person, either orally, in writing, or by other means, to deny or limit the benefits provided that person in connection with the rental of a dwelling or in connection with a residential real estate-related transaction because of race, color, or national origin.

(2) Threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, or national origin of such persons,

(4) Intimidating or threatening any person because that person is engaging in activities designed to make other persons aware of, or encouraging such other persons to exercise, rights granted or protected by this part.

(5) Retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act.

**ALL of the Owners are guilty of Discriminatory Evictions based solely on illegal racial bias.** It is unlawful to evict a tenant on the basis of the protected class status of either the tenant or the protected class status of the tenant's guests.

**Interference, Coercion, or Intimidation**

Under the FHA, it is unlawful to coerce, intimidate, threaten, or interfere with parties who:

· Exercise or enjoy the rights protected by the FHA, or have done so in the past.

· Aid or encourage any other persons in the exercise and enjoyment of their rights as protected by the FHA.

In 1972, the United States Supreme Court provided significant guidance for interpreting the FHA in the case *Trafficante v. Metropolitan Life Insurance Company, SEE* Trafficante, 409 U.S. 205 at 209. *Trafficante* involved the rights of current tenants in a large apartment complex to sue their landlord over discrimination of minority applicants. Finding the plaintiffs had standing, the Court offered four tenets of statutory construction for the FHA.:

1. The FHA should be construed broadly;

2. Integration is an important goal of the FHA;

3. Courts may, when appropriate, rely on case law under Title VII of the Civil Rights Act (prohibiting employment discrimination) to interpret the FHA; and

4. HUD interpretations of the FHA are entitled to substantial weight.

Disparate impact litigation involves facially neutral policies and practices which have an uneven impact on a protected class with no justifiable rationale. The Supreme Court first described the disparate impact theory in 1971 in *Griggs v. Duke Power Company*, a Title VII employment case. The Court found Title VII prohibited hiring practices which were "fair in form, but discriminatory in operation." Intent was not required. The result is that a facially neutral practice with an unjustified adverse impact on a protected class was determined to be unconstitutional. Courts have recognized the use of disparate impact to prove violations of the FHA as well. *Metropolitan Housing Development Corp. v. Village of Arlington Heights* is the seminal fair housing case recognizing that the FHA does not require proof of discriminatory intent for the plaintiff to prevail. *See* McDonnell Douglas Corp. v. Green., 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981); Teamsters v. United States, 431 U.S. 324 (1977).

These racially discriminatory actions by all the Owners clearly violate of state and federal laws against Illegal housing discrimination based on race. The Owners of the leased residential property would never engage in this type of conduct against a person of white Anglo-Saxon Protectant ethnic heritage, or an Eastern Indian, European, or Asian ethnic background.    These illegal actions by ALL the Owners clearly demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are the sole actual proximate in time cause in fact all of this Plaintiff's damages resulting from the gross negligence and criminal gross negligence by ALL of the registered Owners of the leased residential property at 188 Lee Road. Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past,

present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health.  Additionally, this Plaintiff is entitled to statutory damages, punitive damages, and Treble damages for the harm, injury, and detrimental effects of the Owners criminally negligent conduct, behavior, and actions are exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

This Plaintiff REQUESTS THIS HONORABLE COURT GRANT IMMEDIATE MONETARY and STATUTORY RELIEF AS APPROPRIATE which IS BROAD and CREATIVE.   ALL of the Owners of the Leased Property at 188 Lee Road are guilty of: Multiple Illegal acts of prohibited retaliation against this Plaintiff which has caused severe harm, injury, and damages.  This Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages.

## (12) CAUSE OF ACTION AGAINST ALL THE OWNERS OF THE LEASED PROPERTY HOMEPOINTE PROPERTY MANAGEMENT COMPANY,  Ram Property Services, and Don Felton (Owner and President of Culligan Water Systems of Sacramento)

On and about May 1, 2009, HomePointe Property Management Company and Ram Property Services assumed financial and management responsibilities for the maintenance, care, repair, and assurance of habitability of the leased (rented) residential property located at 18 Lee Road in Nicolaus, California, as the duly appointed agents for All of the Owners. This Plaintiff immediately informed Mr. Robert Machado (Owner and President of HomePointe Property Management Company and Ram Property Services), Mrs. Ann Fisher (General Manager for HomePointe Property Management Company), and Mrs. Eileen Stearman (General Manager of Ram Property Services under HomePointe Property Management Company)  about the deplorable, dilapidated, and fetid conditions within the leased residential property.  Mrs. Ann Fisher, in her individual capacity and official capacity as agent and fiduciary for All of the Owners of the subject property, responded on behalf of her employer Robert Machado.  Mr. Robert Machado refused to communicate with this Plaintiff either by telephone, email, certified mail, or in person.  During the course of May 1, 2009 through May 30, 2010, this Plaintiff submitted over fifty certified letters, over one hundred and fifty (150) emails and telephone calls to Mr. Robert Machado, Mrs. Ann Fisher, and Mrs. Eileen Stearman, at HomePointe Property Management Company and Ram

Property Services, politely requesting and demanding that the putrid, egregious, rancid conditions within the leased residence be immediately and professionally remediated, repaired, corrected, and that the luxury leased residence be properly maintained in a habitable, safe, non-hazardous conditions.  Mr. Robert Machado never responded to this Plaintiff's polite, courteous, professional requests, letters, telephone calls, or emails. Mr. Machado refused requests for face to face meetings to discuss the conditions within the leased residence which rendered the residence Uninhabitable.  These defendants conspired with All the Owners to violate the following state and federal laws:

Title 18, U.S.C., Section 241 - Conspiracy Against Rights

Title 42, U.S.C., Section 3631 - Criminal Interference with Right to Fair Housing

California Civil Codes 1942.4 and 1942.5

Mrs. Ann Fisher and Mrs. Eileen Stearman responded to this Plaintiff's requests through telephone calls, emails, and in person office visits, but to no avail.  Nothing was ever correctly, professionally, or competently remediated, corrected, repaired, or fixed.  The contaminated water supply was never corrected, treated, analyzed, or remediated by Mr. Don Felton of Culligan Water Systems of Sacramento.  Mr. Don Felton and his staff of water technicians repeated certified that the water inside the residence was safe for human consumption to drinking,  bathing, and cooking.  Mr. Felton repeatedly stated and falsely certified that the water was not contaminated and was potable.  However, these statements were grossly false, untrue, and resulted in serious danger, harm, injury, and exposure of this Plaintiff to potentially life threatening, toxic levels of Arsenic, Lead, Copper, and Aluminum.

HomePointe Property Management, Mr. Machado, Mrs. Fisher, Mrs. Stearman, Ram Property Services, Mr. Don Felton, and the Owners all conspired to unanimously REFUSE to analyze and properly test the water supply inside the house for potentially lethal, toxic, or hazardous contaminants.  This racially discriminatory behavior demonstrated an unconscionable callous, careless, deliberate indifference for the safety, health, and well-being of this Plaintiff.

After over twelve months of requesting the All the Owners and HomePointe Property Management, Ram Property Services, and Culligan Water Systems of Sacramento to correct the multiple violations of the California Building Standards Codes, the California

Health and Safety Codes, Uniform Plumbing Codes, the Sutter County Abatement Codes, Mr. Machado and Mrs. Fisher responded by fraudulently demanding timely receipt all of monthly lease (rental) payment under duress, coercion, threats, intimidation, and by issuance of three-day pay or quit notices to force involuntary payment of monthly rental payments, although the residence was uninhabitable.  The property at 188 Lee Road remained Uninhabitable during the entire thirteen months of management by HomePointe Property Management and Ram Property Services (under the direct control and management by Mr. Machado and Mrs. Eileen Stearman).

Mr. Robert Machado, Mrs. Ann Fisher, and Mrs. Eileen Stearman repeated told this Plaintiff, "if you don't like the conditions within the leased property, then just leave, just move out, breach the rental contract and evict yourself."  But if you remain in possession of the leased property, you are required to make timely and prompt monthly rental payments."  This conduct is illegal & prohibited under the Federal fair housing act, the California Fair Housing and Employment Act, state and federal codes, laws, and statutes.  At all times, this Plaintiff was illegally constructively evicted with the intended purpose of effecting an involuntary illegal Retaliatory eviction of this Plaintiff.  These illegal actions and conduct was motivated solely by racial discrimination, bigotry, racial animus, and hatred. Mr. Robert Machado and Mrs. Ann Fisher are guilty of aiding and abetting All the Owners of the leased property in violating California Civil Codes 1942.4 and 1942.5.  Both Mr. Machado and Mrs. Fisher must be legally penalized for their active role and participation with Complicity, Accessory, and Accomplice in the Owners' condut to illegally extort monthly rental payments from this Plaintiff for uninhabitable housing accommodations in clear violation of state and federal laws.

All of the Owners, Robert Machado, Ann Fisher, and Eileen Stearman, and Don Felton, refused to provide this Plaintiff with habitable housing accommodations.  Despite multiple written requests from this Plaintiff and multiple certified letters and citations from the Sutter County Department of Community Services, All the Owners, HomePointe Property Management, Mr. Robert Machado (in his individual and official capacity as Owner and President of HomePointe Property Management Company and Ram Property Services), Mrs. Ann Fisher (in her individual and official capacity as general manager of HomePointe

Property Management Company) and Mrs. Eileen Stearman (in her individual capacity and official capacity as general manager of Ram Property Services), and Mr. Don Felton ( in his individual and official capacity as President and Owner of Culligan Water Systems of Sacramento), engaged in prohibited discriminatory conduct, provided inferior, substandard housing accommodations, and refused to properly remediate, repair, correct, or remove hazardous, dangerous conditions within the leased residence which rendered the residence Uninhabitable.

However, through repeated verbal and written threats, emails, and in person threats, All the Owners and HomePointe Property Management demanded payment of rental fees for property which they knew was not habitable. This racially discriminatory illegal conduct violated both state and federal laws and deprived this Plaintiff of rights, immunities, protection, and privileges required under law. These defendants acted as fiduciaries and agents for All of the Owners. These defendants perpetrated a systemic course and pattern of discrimination, fear, intimidation motivated by racial animus, racial bigotry and racial prejudice. All the Owners and HomePointe conspired to constructively evict this Plaintiff. All the Owners and HomePointe conspired to violate this Plaintiff's civil rights, perpetrated through written and verbal threats, repeated three-day pay or quit eviction threats, extortion, unjust enrichment, criminal aiding and abetting the Owners in committing extortion through repeated coercion and fear of immediate physical eviction. These Retaliatory threats, duress, extortion, intimidation are illegal and caused substantial harm, injury, damage, and financial loss to this Plaintiff. The flagrant failure and refusal to remediate the repeated indoor flooding and indoor water intrusion resulted in extensive infestation and growth of toxic black mold and mildew throughout the leased residence. This illegal conduct is the actual legal sole proximate in fact cause of the Plaintiff's severe medical injury, harm, and substantial financial losses. This illegal prohibited discriminatory conduct by All the Owners, Mr. Machado, Mrs. Fisher, and Mrs. Stearman and Mr. Felton is reprehensible. These licensed real estate brokers, and sale persons, licensed and certified property management professionals owed a duty of care to this Plaintiff to provide housing accommodations free of harmful, dangerous, unsafe conditions, free of hazardous toxic black mold, and free of contaminated water with toxic levels of Arsenic, Lead, Copper, and Aluminum. HomePointe Property Management, Robert Machado, Ann Fisher, Eileen Stearman, and Ram Property

Services breached their fiduciary and professional duty of care and obligations of their professional licensure.  This illegal grossly negligent conduct and gross criminal negligence is professional malpractice against their license as real estate professionals.  Mr. Robert Machado and his professional companies are liable to this Plaintiff for their unconscionable gross negligence and racially discriminatory conduct.  But for the illegal racially motivated constructive eviction and the prohibited discriminatory Retaliatory eviction by All the Owners and HomePointe Property Management and staff, and gross negligence of Culligan Water Systems of Sacramento, this Plaintiff would not have injured.  This Plaintiff is entitled to compensation.  This Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Treble damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, (past, present, and future medical expenses), all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health.   Additionally, this Plaintiff is entitled to statutory damages, and punitive damages for the harm, injury, and detrimental effects caused by the grossly negligent conduct of the HomePointe Property Management Company and Ram Property Services, Culligan Water Systems of Sacramento,  and the Owners criminally negligent conduct, behavior, and actions which are the exclusive, sole, actual, and proximate cause in fact of the Plaintiff's damages.

### (13) CAUSE OF ACTION AGAINST MR. ROBERT BOYER, MR. RANDY CAGLE, and MR. LARRY BAGLEY, EACH IN THEIR OFFICIAL CAPACITY AS EMPLOYEES OF THE SUTTER COUNTY DEPARTMENT OF COMMUNITY SERVICES and IN THEIR INDIVIDUAL CAPACITY (UNDER COLOR OF LAW)

### Title 18, U.S.C., Section 242
### Deprivation of Rights Under Color of Law

A local government can be sued for constitutional deprivations arising from a municipal custom even if the custom has not received formal approval through the body's official decision-making channels.  Municipal corporations do not enjoy qualified immunity under Section 1983 flowing from their constitutional violations, and municipalities cannot assert the

good faith of their officers as a defense to such liability.  A plaintiff in an action under Section 1983 may sue the governmental entity or the municipality itself, in addition to or instead of suing individual agents in their official and/or individual capacities. The court in Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 98 S.Ct.2018, a municipality is a "person" under Section 1983 and therefore both a city government and its officials in their official capacities could be directly sued for monetary, declaratory, or injunctive relief for violation of this Plaintiff's constitutional rights on the basis of unconstitutional action that implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that entities officers.

Mr. Larry Bagley and Mr. Randy Cagle in their official capacity and in their individual capacity, repeatedly consented to, failed to repudiate, and endorsed as official final policy and custom of the Sutter County Department of Community Services, and endorsed, confirmed, approved of all of the official actions, behavior, final policy decisions, and written sworn affidavits, and official policy proclamations (under color of law) done by Mr. Robert Boyer ( in his official capacity and in his individual capacity) as instituting a repeated official policy and custom of behavior, conduct, as County building Inspector, building official, and building code enforcement officer.

The three defendants listed above are employees of the County of Sutter California Department of Community Services under the executive and administrative control of the Board of County Supervisors for the governmental entity, County of Sutter California.

Mr. Robert Boyer (in his official capacity and in his individual capacity) is the Building Official and Building Inspector for the County of Sutter California, working under direct control and supervision of the Board of County Supervisors for County of Sutter California, and Mr. Larry Bagley (in his official capacity and in his individual capacity), Director of the County of Sutter California Department of Community Services, and Mr., Randy Cagle (in his official capacity and in his individual capacity), Assistant Director of the County of Sutter California Department of Community Services.

The Building Division of the County of Sutter California Department of Community Services is charged with the enforcement of the California Building Code, the California Electric Code, the California Plumbing Code, the California Mechanical Code and other applicable codes as adopted by Sutter County and the State of California.

The Building Program is responsible for enforcement of the building, mechanical, electrical, and plumbing codes adopted by the County of Sutter California as control measures for public safety. The Program checks plans, issues construction permits, inspects buildings and structures at all stages of construction along with alterations and repairs for safety and conformity with State and local codes.  The purpose of the codes are to provide minimum standards to safeguard life or limb, health, property and public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings and structures through a program of permitting, plan review, inspection and enforcement.

On or about, November, 2007 – December, 2008, **Under Color of Law**, Mr. Robert Boyer, Mr. Marcus Madden, and Mr. Rick Yates committed repeated acts of gross negligence by failure to properly inspect, examine and de-certify as defective and broken the seven (7) defective (broken)  exterior entry doors at the leased residence.  This failure to competently examine and inspect the seven (7) exterior entry doors and fraudulently certifying that all the exterior entry doors properly complied with all state and federal building codes constituted a pattern of fraudulent inspection, and repeated fraudulent concealment of building code violations.  Subsequently, the fraudulently concealed defects in these seven (7) exterior entry doors was the actual legal sole proximate cause in fact of the repeated episodes of severe extensive indoor water intrusion and indoor flooding which has rendered the newly constructed luxury leased (rented) residential property continuously Uninhabitable since March 27, 2009.

From November, 2009 until January 11, 2011, this Plaintiff repeatedly requested Mr. Robert Boyer (IN HIS OFFICIAL CAPACITY and IN HIS INDIVIDUAL CAPACITY)  to perform his lawfully designated duties as county building inspector by re-inspecting the interior of the residence and the seven (7) fraudulently approved defective and broken doors.  However, because of Mr. Boyer's personal disdain, racial bigotry, racial animus, racial discrimination, and intense feelings of animosity toward this Plaintiff, Mr. Boyer repeatedly refused to inspect the residence and document the extensive widespread interior water damage, wetness of habitable space, damage to the floors, the sub-flooring, the carpeting, carpet padding, base-boards, sheet rock, wooden door frames, the vertical walls, the first floor

ceiling, and all the hard wood flooring. Mr. Boyer refused to accept any liability or responsibility for his gross negligence and the fraudulent inspection certificate of occupancy which he issued in 2008. Furthermore, Mr. Boyer failed to acknowledge the culpability, gross incompetence, and gross negligence of his building inspection staff, including Mr. Marcus Madden or Mr. Rick Yates. As a Sutter County resident, Mr. Boyer owed a duty of care to this Plaintiff to perform his duty with the expertise and level of fiduciary competence commensurate with his designation as Sutter County Building Inspector. Mr. Boyer owed a duty of care to treat this county resident with the same level of respect, professionalism, diligence, courtesy, and willingness to respond to official written requests to document flagrant and blatant violations of the building code, plumbing code, electrical code, and health and safety code. Mr. Boyer repeated breached that duty of care to properly inspect the newly constructed luxury residence, and that breach of care resulted in the home becoming uninhabitable with grossly contaminated non-potable water and widespread contamination with toxic black mold and mildew.

On or about January 11, 2011, in the absence of this Plaintiff, Mr. Boyer finally inspected the interior of the leased residence with Mr. Bruce Buttacavoli of Buttacavoli Industries (the Owners' licensed building and construction contractor), Mr. Boyer again performed a grossly negligent building inspection and filed a fraudulent inspection report alleging that all the multiple code violations in the leased residence were properly, competently, and completely repaired, remediated, corrected in compliance with all pertinent state and federal building standards codes, and plumbing codes. However, this statement was FALSE and untrue. After re-examination of the premises by this Plaintiff and certified building and home inspectors, Mr. Boyer was politely informed that his grossly negligent and incompetent inspection practices and policies resulted in the residence continuing to be uninhabitable and posed significant risk of continued harm, injury, and deprivation of federally protected rights of access to fair housing accommodations. Because of Mr. Boyer's false and fraudulent inspection practices, this Plaintiff has been denied access to safe, habitable housing accommodation free of dangerous, potential life threatening hazards and conditions. Subsequently, Mr. Boyer was forced to rescind his fraudulent inspection report upon acknowledging the gross deficiencies, gross negligence, gross incompetence, and fraudulent misrepresentations, false statements, and erroneous statements in his previous

41

reports which represented official policies, final policy-making decisions, customs of inspection, and inspection procedures and protocols.

On or about February, 2011, Mr. Boyer filed another fraudulent, grossly incompetent inspection report which was subsequently rescinded upon acknowledging the gross deficiencies in his official policies and inspection procedures.  During the first week of March, 2011, Mr. Boyer (in his official capacity and in his individual capacity) under color of law inspected the resident for the fourth time.

Mr. Boyer again issued another fraudulent inspection statement with false misrepresentations. The grossly incompetent building inspection report contained fraudulent misrepresentations, fraudulently concealing the presence of water and moisture damaged wood structures, dampness of habitable space, concealing the presence continued defects in all the defective doors and faulty weather stripping on all the exterior entry doors, and falsely stating that the leased residence was habitable.  These intentional incompetent and fraudulent misrepresentations that all the multiple code violations had been remediated, corrected, repaired, and professionally and competently completed were UNTRUE and false. These fraudulent misrepresentations were submitted to the Sutter County District Attorney's Office (under color of law) as being truthful, official actual truthful objective evaluation of the conditions within the leased residence at 188 Lee Road.  These fraudulent misrepresentations were proffered as official policy statements based on custom, generally accepted inspection procedure and true and accurate.  These inspection report fraudulently concealed the continued presence of widespread toxic mold and mildew within the leased residence, thus rendering the residential property Uninhabitable.  Subsequently, as a result of repeated extensive indoor water intrusion and indoor flooding because of prolonged intense rain and high winds, the leased residence sustained extensive indoor flooding and water damage.  These events proved proof beyond a reasonable doubt that Mr. Boyer's inspections were fraudulent, the inspection reports fraudulently concealed important facts and statements concerning the continued violations to the building code and the health and safety codes.  This persistent pattern of fraudulent concealment of important facts, fraudulent misrepresentation, and continuous gross negligence and gross criminal negligence was summarily endorsed, supported, overlooked, and not repudiated by either

Mr. Larry Bagley or by Mr. Randy Cagle in their official capacity or their individual capacity as Director and Assistant director of the Sutter County Department of Community Services. Mr. Boyer's statement represent criminal fraud, fraudulent misrepresentation, fraudulent concealment.  Mr. Boyer know the statements were false and untrue, or recklessly disregarded the severity and consequences of his fraudulent statements and conduct.  Mr. Boyer continuously demonstrated  deliberate indifference  and carless indifference to the illegality and harmful consequences of his false misrepresentations and official final policy decision actions which represented final custom and policy procedures for the building inspection division of the Sutter County Department of Community Services.  Mr. Boyer was forced to rescind of was forced to rescind this fraudulent report and withdraw the official documents submitted to the Sutter County District Attorney's office and to the Superior Criminal Court of California for Sutter County.

On and about March 25, 2011, Mr. Boyer conspired with Bruce Buttacavoli, the Owner's licensed contractor, to file a fourth grossly incompetent , fraudulent, and false building inspection report. This fourth inspection report falsely stated that all the multiple building, health & safety code violations and conditions which rendered the leased residence uninhabitable were professionally, competently, and properly completed.  Mr. Boyer submitted this fraudulent report to the District Attorney's Office of Sutter County and to the Superior Criminal Court of California in and for Sutter County as evidence in the criminal prosecution of Owners' Charles Easley and Andrew Paulson.  This fraudulent report represents Fraud on the Court by falsely stating facts which are knowingly false, fraudulent, or by reckless stating facts with deliberate indifference to or in complete disregard for the lack of truthfulness or accuracy.  This illegal and discriminatory conduct is intentionally intended to deprive this Plaintiff of his rights to safe, habitable housing accommodations and to fraudulently conceal and suppress evidence of criminal culpability and obstruct justice in the criminal prosecution of tow Owner's, Charles Easley and Andrew Paulson.

This repeated pattern of gross negligence, intentional misrepresentation, and official policy of fraudulent concealment of building code violations, and health and safety code violations has caused this Plaintiff severe harm, permanent medical injury, severe emotional damage psychological duress and distress, and financial loss.  This racially discriminatory prohibited

conduct has resulted in repeated deprivation of rights, privileges, immunities, equal protection, and due process rights guaranteed under the United States Constitution, federal fair housing act, the California fair housing and employment act, civil rights laws, federal laws and statutes against racial discrimination in the provision of housing accommodation. Mr. Boyer's prohibited conduct constitutes  a permanent and well-settled policy, establishes a practice or custom of building inspector that is persistent and widespread, these policies cause constitutional injury by denying the rights to enforcement of federal fair housing laws,

Title 18, U.S.C., Section 241 - Conspiracy Against Rights

Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

Title 42, U.S.C., Section 3631 - Criminal Interference with Right to Fair Housing

Title Chapter 21 subchapter 1  § 1985. Conspiracy to interfere with civil rights

Title 42 Chapter 21 Subchapter 1 § 1982. Property rights of citizens

Title 42 Chapter 21 Subchapter 1 § 1981. Equal rights under the law
Title 42 Chapter 21 Subchapter 1 §1986. Action for neglect to prevent.

These illegal actions by Mr. Boyer, to fraudulent conceal the continued gross negligence and gross criminal negligence by All the Owners, resulted in this Plaintiff suffering continued severe harm and medical injury with resulting deprivation of constitutional rights, privileges, immunities, equal protection, and due process.  Mr. Boyer intentionally conspired to clearly deprive this Plaintiff by breaching his professional duty of care to perform his fiduciary legal obligations of his appointed position as Sutter County Building inspector to truthfully, honestly, objectively, and competently conduct and perform building inspection services. As a result of Mr. Boyer's prohibited fraudulent conduct and repeated intentional fraudulent misrepresentation perpetuated and articulated an official formal decision making policy and custom for the Sutter County Department of Community Services.  But for Mr. Boyer's intentional fraudulent concealment of the continued multiple violations of the county, state building standards codes, the Owners would not have been permitted or allowed to continue fraudulently conceal flagrant violations in the building standard codes and the health and safety codes. Mr. Boyer's conduct represented fraudulent misrepresentation, intentional misrepresentation of the true conditions within the leased residence.  Mr. Boyer's actions and fraudulent concealment of the continued defects in the seven (7) exterior entry doors

resulted in multiple episodes of extensive indoor water intrusion and indoor flooding in the leased residence throughout March, 2011 and April, 2011, thus rendering the leased residential property uninhabitable.  Mr. Boyer's prohibited and fraudulent conduct demonstrated a DELIBERATE INDIFFERENCE to the clearly foreseeable harm and injury impaled upon this Plaintiff with careless disregard for the health, safety, and welfare of the Plaintiff.  These illegal wrongful actions are a significant contributory factor and actual legal proximate in time contributory cause all this Plaintiff's damages resulting from Mr. Boyer's gross negligence, fraudulent misrepresentation, and fraudulent concealment of the continuous multiple building code violations.  But for Mr. Boyer's repeated fraudulently concealment, this Plaintiff would not have suffered continuous harm, injury, distress, duress, or medical harm.  Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, reimbursement of all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health.  Mr. Larry Bagley and Mr. Randy Cagle (acting under color of law) in their official capacity and in their individual capacity sanctioned, approved, affirmed, as final policy decision-makers for the Department the fraudulent actions, intentional fraudulent misrepresentations, gross negligence , customs and practice of the defendant Mr. Robert Boyer and are therefore, complacent and accessories to Mr. Boyer's prohibited conduct.

### (14) <u>CAUSE OF ACTION AGAINST ATTORNEY JOHN JUDSON WAGGOMAN IN HIS OFFICIAL CAPACITY and IN HIS  INDIVIDUAL CAPACITY (UNDER COLOR OF LAW)</u>

**Title 18, U.S.C., Section 242**
**Deprivation of Rights Under Color of Law**

On November 24, 2010, Acting under color of law, as an officer of the Supreme Court of California, and as the legally employed agent, Attorney, and representative of ALL the Owners of the leased property, Attorney John Waggoman owed this Plaintiff a duty of care

45

not to engage in any criminal, illegal, violent, abusive, harassing, intimidating, or tortuous behavior or conduct.  While present within the legal residence of this Plaintiff (Under Color of Law), Attorney John Waggoman violated that duty of care and did commit grievous illegal acts of assault, attempted battery, intimidation, coercion, threats, physical force, verbal taunting and harassment, attempted suppression of evidence, obstruction of justice, violation of rights, protections, privileges, immunities, and freedoms guaranteed under the United States Constitution, the first, fourth, fifth, and fourteenth amendments to the United States Constitution, violation of civil rights laws, federal statutes, codes, and laws against discrimination and hate crimes.  This Plaintiff repeatedly requested Attorney Waggoman to stop his illegal conduct and to leave the Plaintiff alone.  However, Attorney Waggoman stalked behind this Plaintiff violently thrusting and plunging his cellular telephone at the Plaintiff with insulting verbal tirades and diatribes, haranguing this Plaintiff by repeatedly stating "here is the number, call the California Bar, here, here, if you don't like what I am doing, just call the California State Bar, I don't care." Violation of Federal Civil Rights Statutes against Attorney JOHN JUDSON WAGGOMAN: Title 18, U.S.C., Section 242, Deprivation of Rights Under Color of Law; Violation of: Title 18 U.S.C. 245, Federally Protected Activities; Title 18, U.S.C., Section 241 - Conspiracy Against Rights; Constitutional Violations: (1) violation of the first amendment freedom of speech; (2) Attorney Waggoman's illegal criminal conduct violates the fourth amendment protections against unlawful seizure -"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable seizures. (3) The Fifth amendment due process clause guarantees that the government (Attorney John Waggoman – "Acting Under Color of Law" in his legal and professional capacity and in his individual capacity as a licensed attorney) cannot take your "life, liberty, or property" without following a "due" process. Attorney Waggoman's conduct violates the Due Process Clause of the Fifth amendment: "No person shall... be deprived of life, liberty, or property, without due process of law. Attorney Waggoman acted under color of law and engaged in an illegal deprivation of fifth amendment rights of procedural due process and substantive due process, and (4) Furthermore, Mr. Waggoman's illegal conduct violates rights, privileges, and protections under the Fourteenth amendments to the United States Constitution due process and equal protection clause. Under Title 42, U.S.C., Section 3631 - Criminal Interference with Right to

Fair Housing, this Plaintiff is protected from any illegal criminal actions or conduct, perpetrated Under Color of Law, to interfere with the Plaintiff's right to provide written and recorded evidence of criminal conduct and violation of state and federal law by ALL the Owners of the leased property.  Attorney Waggoman, violently attempted to suppress my legal rights as a United States citizen, resident of the state of California, and tenant living at Lee Road in Nicolaus, California.  But for the illegal, prohibited conduct by Attorney John Waggoman, this Plaintiff would not have suffered intentional infliction of emotional distress, duress, mental anguish, fear of imminent physical harm or injury, intense anger with psychological injury and consternation.  Attorney Waggoman is also guilty of negligent infliction of severe emotional distress by his caustic and unprofessional behavior which engendered intense fear, anger, and trepidation within this Plaintiff.  The underlying concept in negligent infliction of emotional distress is that Attorney Waggoman (acting under color of law) had a legal duty to use reasonable care to avoid causing emotional distress to this Plaintiff, especially in the quiet peaceful enjoyment and safety of my legal residence. Attorney Waggoman breached this legal duty of care and failed in his professional and personal duty of care.  This blatant intentional and malicious negligent breach of Mr. Waggoman's legal duty of care unreasonably caused severe intense emotional distress to this Plaintiff.  Therefore, this Plaintiff is entitled to compensation and Attorney Waggoman is liable for monetary damages to this Plaintiff.  Furthermore, because Attorney Waggoman is a licensed attorney at law, he was cognizant and fully aware of the criminal and illegal nature of his intentional, prohibited, violent conduct which represents unconscionable professional legal malpractice and multiple flagrant criminal violations of the California State Bar Professional Ethics.  Attorney Waggoman's conduct is unconscionable, shocking to the conscious, and clearly manifests a deliberate, callous, and careless indifference to state and federal laws.  This Plaintiff has been injured by Mr. Waggoman's illegal prohibited conduct and is entitled to monetary compensation, damages, punitive damages, and enhanced damages because of Mr. Waggoman's clear knowledge as a licensed attorney that his conduct was unlawful, unconscionable, shocking to the conscious and perpetuates a systematic deliberate form of racism bigotry discrimination with deliberate indifference and callous disdain for the dignity and civil rights of this Plaintiff.

Mr. Waggoman's reprehensible conduct manifests disdain for this Plaintiff's civil rights, and the health, safety, and welfare of this Plaintiff.  Attorney Waggoman is being sued in both his individual and official capacity (acting under color of law) in the stated interest and benefit of his clients under a claim of "Attorney-Client Privilege."  This Plaintiff is seeking punitive damages and unlimited civil compensation against John Waggoman individually and against his professional law corporation.  Punitive damages are demanded because Mr. Waggoman's illegal conduct and actions are motivated in malice, racial animus, discrimination, racial bigotry, and discriminatory retaliation against this Plaintiff for engaging in constitutionally and federally protected activity. This Honorable court has the legal jurisdiction to convene a Grand Jury to deliberate and determine the existence of Probable Cause to charge and indict Attorney Waggoman by review of the factual allegations, evidence, sheriff's affidavits, audio-visual proof substantiating these allegations, the official documents and records from the Sutter County Sheriff's Department enumerating the allegations of Assault and possible battery by Attorney Waggoman against this Plaintiff. Upon a finding of Probable Cause to charge and indict Mr. Waggoman based on the allegations and evidence enumerated above, this Plaintiff petitions this Honorable Court to refer this case to the Department of Justice requesting a special prosecutor to indict and prosecute Mr. John Waggoman.  But for the flagrant criminal misdemeanors, unprovoked violent assault, the intentional infliction of severe and repeated emotional distress, intimidation, coercion, and duress, committed by Attorney John Judson Waggoman, this Plaintiff would not have suffered harm or damages. Mr. Waggoman's repeated intimidating and coercive verbal demands ordering this Plaintiff to stop using my audio-visual camcorder to document the deplorable, rancid, illegal, and criminally negligent conditions within the leased residence constitutes illegal suppressions of evidence, obstruction of justice, and tampering with this Plaintiff as a witness.  Mr. Waggoman's subsequent attempts to seize control of this Plaintiff's audio-visual camcorder by attempting to physically force this Plaintiff to cease video-taping is reprehensible and violates state and federal laws, codes, statutes.

1    **(15) CAUSE OF ACTION AGAINST ALL THE OWNERS, HOMEPOINTE PROPERTY**
2    **MANAGEMENT COMPANY, BRUCE BUTTACAVOLI, and DON FELTON (OWNER and**
     **PRESIDENT OF CULLIGAN WATER SYSTEMS OF SACRAMENTO**

3    From January 11, 2011 - April 29, 2011 All the Owners conspired with Bruce Buttacavoli of
4    Buttacavoli Industries to Fraudulently conceal persistent indoor water intrusion and repeated
5    indoor flooding which subsequently resulted in recurrent growth & infestation of toxic black
6    mold /mildew throughout the leased residential property.  Fraudulent concealment of highly
7    toxic black mold is an intentional tort and poses a serious risk of catastrophic illness & injury
8    for Plaintiff. The Fraudulent concealment was specifically intended to deceive environmental
9    health code enforcement officials  through intentional and fraudulent misrepresentation. The
10   concealed presence of highly toxic black  mold rendered the leased residence uninhabitable
11   and resulted in severe medical injury and harm.  This intentional misrepresentation clearly
12   demonstrates that defendants represented an important fact as being true; when that
13   representation was actually false.  These defendants knew the statement was false when it
14   was made (or made it recklessly without regard for the truth), and the defendants intended
15   Plaintiff to rely on the false representation. This Plaintiff indeed reasonably relied on the
16   false representations and was harmed by it. That reliance was a substantial factor in
17   causing the harm.  The environmental health code enforcement officers were intentionally
18   given false and fraudulent  misrepresentations.  Plaintiff reasonably relied on the false
19   statements and was ultimately seriously harmed by continued presence of fraudulently
20   concealed toxic black mold. The Owners of the leased property and water treatment
21   technicians of Culligan Water Systems of Sacramento intentionally and Fraudulently
22   Concealed the presence of highly toxic, potentially life threatening, levels of  Arsenic, Lead,
23   Copper, and Aluminum in the contaminated water supply within the leased residence
24   located at 188 Lee Road in Nicolaus, California. This Fraudulent Concealment of toxic levels
25   of Arsenic, Lead, Copper, and Aluminum was not disclosed to this Plaintiff.  Intentional
26   concealment of this important fact by the Owners and Culligan Water System technicians
27   that the water was hazardous, toxic, and not potable represents criminal negligence. These
     parties intentionally failed to disclose this important health hazard.  This Plaintiff was
     unaware of the fact. Owners intended to deceive by concealing the fact.  Plaintiff reasonably
     relied on the false representation and was harmed by it. That reliance was a substantial

28

factor in causing the harm. Concealment breached legal duty of care. This Plaintiff is entitled to compensation.  But for the repeated fraudulently concealment by all of these listed defendants, this Plaintiff would not have suffered continuous harm, injury, distress, duress, or medical harm.  Consequently, this Plaintiff is entitled to unlimited monetary compensation, Compensatory damages, Punitive damages, Incidental damages, Consequential damages, Liquidated damages, Reliance damages, foreseeable damages, reimbursement of all legal cost, reimbursement for all out of pocket expenses of litigation, restitution for both civil liability and criminal culpability, reimbursement for time loss from work, damages for past, present, and future economic losses due to deprivation and infringement upon this Plaintiff's good health.

THIS PLAINTIFF respectfully petitions this Honorable Court to award unlimited civil momentary damages to be determined by proof for physical harm, including, but not limited to, emotional, psychological, immunological, cardio-pulmonary, bacteriological, injury from exposure fungi, toxic molds, endotoxins, mycotoxins, mildew, medical harm, neurological harm, respiratory-pulmonary harm, damage to Plaintiff's surgical operative dexterity due to neurological & neuromuscular injury from toxic mold exposure, and exposure to potentially life threatening levels of toxic heavy metals, interference with my ability to conduct my professional duties, including past, present, and future medical cost, medical injury and/or disability resulting as a direct proximate cause and result of the Defendants' intentional negligence per se, intentional gross negligence, criminal misdemeanors, and criminal gross negligence.

**JURY TRIAL REQUESTED**

THIS PLAINTIFF RESPECTFULLY APPEALS TO THE MERCY OF THIS HONORABLE COURT TO ACCEPT THIS COMPLAINT IN ITS PRESENT FORM.

This Plaintiff did not intentionally disregard the Orders of this court by exceeding the page limit of TWENTY PAGES FOR THIS AMENDED COMPLAINT.

This Plaintiff desperately ATTEMPTED to comply with the court order to limit the page length to twenty pages.  However, this is a complex litigations with over forty (40) defendants.  This Pro Se Litigant was not able to condense all the multiple claims against over forty defendants into twenty pages.

The pleadings in this case involve very serious claims and allegations requiring pleading specific elements to be enumerated in order to successfully allege the claim such as fraud, deceit, conspiracy, fraud upon the court, fraudulent misrepresentation, extortion, unjust enrichment, Intentional torts, and fraudulent consealment.

This Plaintiff appeals to the MERCY of the court to consider these factors in its decision to accept this AMENDED complaint and not find this Plaintiff in contempt or order any sanctions, fines, or penalties.

This Plaintiff petitions this court to not dismiss this complain due to exceeding twenty pages in length.

IN THE ALTERNATIVE, This Plaintiff prays that if the court refuses to accept this fifty page complaint, the Plaintiff pleads for the court to allow an additional fourteen day extension to permit this Plaintiff to further amend this complaint and attempt to reduce the number of pages as ordered on May 25, 2011.

THIS PLAINTIFF PETTITIONS THIS HONORABLE COURT TO CONVENE A GRAND
JURY INVESTIGATE, DETERMINE, and ISSUE A RULING CONCERNING THE
ALLEGATIONS OF FRAUD ON THE COURT and CONSPIRACY BY ALL OF THE
OWNERS (DEFENDANTS), ATTORNEY JOHN JUDSON WAGGOMAN, THE BUILDING
CONTRACTOR HIRED BY THE DEFENDANTS (BRUCE BUTTACAVOLI, and MR.
ROBERT BOYER  FOR ATTEMPTING TO  FRAUDULENTLY CONCEALED CONTINUED
VIOLATIONS IN THE CALIFORNIA BUILDING STANDARDS CODE, THE CALIFORNIA
HEALTH AND SAFETY CODE, DAMPNESS OF HABITABLE SPACE, AND FAULTY
WEATHER STRIPPING OF ALL THE EXTERIOR  ENTRY DOORS AT THE RESIDENCE
LOCATED AT 188 LEE ROAD.
AT LEAST FOUR (4) OF THE EXTERIOR ENTRY DOORS AT THE LEASED RESIDENCE
AT 188 LEE ROAD ALLOW CONTINUED ENTRY OF WATER  AND WATER INTRUSION
WITH RESULTING INDOOR FLOODING.   THERE IS ALSO FRAUDULENTLY
CONCEALED RECURRENT MOLD AND MILDEW INFESTATION.
THE WATER SUPPLY AT THE RESIDENCE CONTINUES TO BEY NON-POTABLE THE
RESIDENCE HAS BEEN AND CONTINUES TO BE NON-HABITABLE SINCE MARCH 27,
2009.

THIS PLAINTIFF PETTITIONS THIS HONORABLE COURT TO CONVENE A FEDERAL
GRAND JURY TO INVESTIGATE  ALLEGATIONS OF ASSAULT AND ATTEMPTED
BATTERY CHARGES AGAINST ATTORNEY JOHNS JUDSON WAGGOMAN FOR HIS
ILLEGAL ACTIONS AND CONDUCT AGAINST THE PLAINTIFF TO DETERMINE
PROBABLE CAUSE TO CHARGING THE CRIME OF ASSAULT AND ATTEMPTED
BATTERY.

1

## **PROOF OF SERVICE**

2

3

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

4

I am a resident of the County of SACRAMENTO and I AM a party to the above stated action within.

5

My mailing address is:

6

 TYRONE L. ADAMS – PRO SE LITIGANT

7

P.O. Box 981044   WEST SACRAMENTO, CALIFORNIA  95798

8

9

On _____, 2011, I caused to be served the DEFENDANTS,

10

**Charles L. Easley, Andrew J. Paulson, Etal, CGLS Inc., a.k.a., "LEE ROAD**

11

**INVESTORS" at P.O. BOX 1229 SONOMA, CA 95476, a.k.a. Charles L. Easley, Andrew**

12

**J. Paulson, Etal., CGLS Inc.  789 Liberty Road – Petaluma, CA 94952 a.k.a., PENSCO**

13

**INCORPORATED, KELLY RODRIQUES, CHRIS RADICH, CYNTHIA WEAVER, TOM W.**

14

**ANDERSON, FRANCINE LONG, MYERS FAMILY TRUST, CHRISTINE K. MYERS TRE,**

15

**DONALD MYERS TRE, PENSCO TRUST COMPANY, PAUL SUPRE, GEORGE**

16

**TREFCER, THELMA A. TURNER LIVING TRUST, THELMA A. TURNER TRE, BARNES**

17

**FAMILY TRUST, CAROLINE H. BARNES TRE, DALE M. BARNES TRE, JACK BASS &**

18

**CHARLENE GOODRICH REVOC TRUST, JACK BASS TRE, AMY M. BATES,**

19

**CIANCIOLO REVOC TRUST, SHARON L. CIANCIOLO, SHARON L. CIANCIOLO TRE,**

20

**CHARLENE GOODRICH TRE, GARY HOLBROOK, the interested parties in said action,**

21

**as listed ABOVE, DEFENDANT ATTORNEY JOHN JUDSON WAGGOMAN,**

22

**DEFENTDANT HOMEPOINTE PROPERTY MANAGEMENT, ROBERT MACHADO, ANN**

23

**FISHER, EILEEN STEARMAN, SUTTER COUNTY DEPARTMENT OF COMMUNITY**

24

**SERVICES, MR LARRY BAGLEY, MR RANDY CAGLE, MR ROBERT BOYER, DON**

25

**FELTON( PRESIDENT AND OWNER OF CULLIGAN WATER SYSTEMS COMPANY**

**SACRAMENTO, CALIFORNIA), BRUCE BUTTACAVOLI,**

26

27

28

53

**The Owners of the property located at 188 Lee Road in Nicolaus, California are**
**represented by:**
**REPRESENTED BY ATTORNEY JUD WAGGOMAN**

               **312 1/2 1st Street**

               **Marysville, CA 95901-6035**

               **(530) 743-3036**

SERVICE OF DEFENDANTS REQUESTED BY:  YUBA COUNTY SHERIFF, and Sutter
County Sheriff, Sacramento County Sheriff DEPARTMENTS to the Defendants residing in
AND/OR doing business in SUTTER COUNTY, YUBA COUNTY, AND SACRAMENTO
COUNTY, CALIFORNIA, SAN FRANCISCO COUNTY, SONOMA COUNTY, MARIN
COUNTY, EL DORADO COUNTY, PLACER COUNTY, YOLO COUNTY, CALIFORNIA.
SERVICE OF DEFENDANTS REQUESTED BY:  SAN FRANCISCO COUNTY SHERIFF
DEPARTMENT to the Defendants residing in AND/OR doing business in SAN FRANCISCO
COUNTY CALIFORNIA
SERVICE OF DEFENDANTS REQUESTED BY: MARIN COUNTY SHERIFF
DEPARTMENT to the Defendants residing in AND/OR doing business in MARIN COUNTY
CALIFORNIA
I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct and if sworn as a witness I can competently testify to the foregoing of my
own knowledge.
Executed on _June 22_ , 2011, at SACREMENTO, California.

_Tyrone L. Adams, Pro Se Litigant_

Tyrone L. Adams – PRO SE LITIGANT
P.O. Box 981044
West Sacramento, CA 95798
(407) 716 - 0233