IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE ADAMS,

    Plaintiff,                      No. CIV S-11-0826 GEB CKD PS

    vs.

CHARLES EASLEY, et al.,           ORDER AND

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motions to dismiss came on regularly for hearing August 31, 2011. Plaintiff Tyrone Adams, who is proceeding pro se, appeared on his own behalf. Jud Waggoman appeared on behalf of defendant John Judson Waggoman. Derek Haynes appeared on behalf of defendants Sutter County, Boyer, Cagle, Bagley ("Sutter" defendants). No appearance was made for the remaining defendants. Upon review of the documents in support and opposition,[1] upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims against defendants arising out of the alleged mold contamination of his rental residence. The gravamen of the complaint is that plaintiff was

---

[1] One day before the hearing on the motion to dismiss, plaintiff filed a sur-reply to the motion. Such a pleading is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nevertheless, the court has reviewed the sur-reply and considered it in making the findings and recommendations set forth below.

constructively evicted because of the alleged uninhabitability of the premises.  Plaintiff alleges claims under the Fair Housing Act for racial discrimination in the provision of services to a rental unit.  See 42 U.S.C. § 3604(b), et seq.  In addition, plaintiff invokes federal criminal and civil rights statutes and alleges various state law claims.  The Sutter defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Defendant Waggoman joins in the motion.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

The thirteenth cause of action in the first amended complaint contains the sole allegations against the Sutter County defendants.  Amended Comp. at 38:19-45:20.  The claims against the Sutter defendants arise out of the actions of defendant Boyer, who conducted a building inspection of the subject premises.  Plaintiff cites 18 U.S.C. § 242 in support of his thirteenth cause of action.  However, that statute does not provide a basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Similarly, plaintiff's citation to 18 U.S.C. § 241 and 42 U.S.C. § 3631 is unavailing in that these statutes provide for criminal penalties, not civil liability.  Id.; see also Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001) (section 3631 imposes criminal liability when one "by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure intimidate or interfere with" fair housing rights).  In the first amended complaint, plaintiff also cites several other civil rights

statutes in the thirteenth cause of action but sets forth no factual allegations that can support a claim under any of the cited provisions. Under 42 U.S.C. §§ 1983 and 1985, plaintiff fails to identify an underlying constitutional right of which he has been deprived by these defendants, which is a necessary element of a claim under those statutes. See generally Baker v. McCollan, 443 U.S. 137, 140-141 (1979); see also Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-268 (1993). Plaintiff's claim under 42 U.S.C. § 1981 is unavailing in that plaintiff fails to identify a contractual relationship, under which he has rights, which was impaired by defendants. See Domino's Pizza v. McDonalds, 546 U.S. 470, 475 (2006). Similarly, plaintiff's claim under 42 U.S.C. § 1982 is fatally flawed in that plaintiff fails to allege facts showing that the moving defendants deprived plaintiff of any property right. See City of Memphis v. Greene, 451 U.S. 100, 121-123 (1981).

With respect to defendant Waggoman, the allegations against this defendant are set forth in the fourteenth cause of action and arise out of defendant Waggoman's actions as an attorney representing the owners of the leased premises in an underlying landlord/tenant state proceeding. Amended Comp. at 45:21-48:24. Plaintiff again cites only criminal statutes[2] which do not provide for civil liability. Moreover, there is no allegation that can support a claim that defendant Waggoman is a state actor. To the extent plaintiff may be trying to state a claim under 42 U.S.C. § 1983, the failure to allege state action is fatally deficient.

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2)

---

[2] The fourteenth cause of action is brought under 18 U.S.C. § 242.

3

defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). The allegations in the amended complaint do not meet any of the four tests articulated by the Supreme Court for determining whether a private party's conduct constitutes state action. Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (state action can be found where person exercises coercive power, provides a service that serves the public, engages in joint action, or governmental nexus exists). Because it does not appear that plaintiff can, consonant with the strictures of Federal Rule of Civil Procedure 11, amend the complaint to state a claim against the moving defendants, the motions to dismiss should be granted with prejudice.[3]

This action was filed March 25, 2011 and has been pending for over 150 days. Plaintiff was cautioned in the May 26, 2011 order granting leave to amend that service of process must be completed within 120 days under Federal Rule of Civil Procedure 4(m). Plaintiff has requested an extension of time to complete service of process[4] but has submitted no competent evidence regarding his alleged attempts to serve the nonappearing defendants. Plaintiff will be allowed an additional thirty days to complete service of process. No further extensions will be granted.

Plaintiff has filed five lawsuits, two of which are pending in the Eastern District of California, apparently all related to plaintiff's dispute regarding his rental premises. See dkt. no. 26 at 3:26-28, fn. 2. Plaintiff's conduct in filing multiple lawsuits raising the same allegations borders on vexatious. The Ninth Circuit has acknowledged the "inherent power of

---

[3] Plaintiff requested at the hearing that he be allowed to bring a motion to compel. Absent properly propounded discovery, a motion to compel is not appropriate. Because the court will recommend that the moving defendants be dismissed with prejudice, it does not appear discovery as to these defendants is warranted or that they should be required to bear the costs of responding to discovery. Accordingly, discovery will be stayed as to the moving defendants. See generally Fed. R. Civ. P. 26(b), (c).

[4] Plaintiff represented at the hearing on the motion to dismiss that the magistrate judge previously assigned to this action had granted plaintiff's request for extension of time. Plaintiff is in error.

federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007). Local Rule 151(b) provides: "The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391. A vexatious litigant is, inter alia, a person acting pro per who repeatedly files unmeritorious motions, pleadings, or other papers or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. California Code Civil Procedure § 391(b)(3). Plaintiff is cautioned that filing duplicative and frivolous litigation is considered vexatious and that plaintiff's future filings may be subject to a limiting order.

        Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to complete service of summons (dkt. no. 23) is granted in part. Service of summons in compliance with Federal Rule of Civil Procedure 4 must be completed no later than September 30, 2011. No further extensions will be granted. Plaintiff shall file proofs of service with the court reflecting service of summons. Failure to comply with this order shall result in a recommendation that the non-served defendants be dismissed;

2. Plaintiff is cautioned that he may be declared a vexatious litigant and future filings may be subject to a limiting order;

3. Discovery is stayed as to defendants Sutter County, Boyer, Cagle, Bagley, and Waggoman pending resolution of the motions to dismiss; and

/////

1  IT IS HEREBY RECOMMENDED that the motions to dismiss (dkt. nos. 21, 22) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 1, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
adams2.oah