IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE ADAMS,

    Plaintiff,                    No. CIV S-11-0826 GEB CKD PS

    vs.

CHARLES EASLEY, et al.,         ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motions to dismiss and defendants' motion for sanctions are pending before the court. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims against defendants arising out of the alleged mold contamination of his rental residence.[1] The gravamen of the complaint is that plaintiff was constructively evicted because of the alleged uninhabitability of the premises. Plaintiff alleges claims under the Fair Housing Act for racial discrimination in the provision of services to a rental unit. See 42 U.S.C. § 3604(b), et seq. In addition, plaintiff invokes federal criminal and civil

/////

---

[1] All but the defendants presently moving to dismiss ("Easley" defendants) have been dismissed from this action.

rights statutes and alleges state law claims predicated on fraud.  The Easley defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Plaintiff's allegations do not meet this standard.

Plaintiff cites several civil rights statutes in his amended complaint but sets forth no factual allegations that can support a claim under any of the cited provisions.  Under 42 U.S.C. §§ 1983 and 1985, plaintiff fails to identify an underlying constitutional right of which he has been deprived by the moving defendants, which is a necessary element of a claim under those statutes.  See generally Baker v. McCollan, 443 U.S. 137, 140-141 (1979); see also Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-268 (1993).  In addition, plaintiff fails to allege the requisite state action on the part of the moving defendants so as to state a claim under 42 U.S.C. § 1983.  The allegations in the amended complaint do not meet any of the four tests articulated by the Supreme Court for determining whether a private party's conduct constitutes state action. Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (state action can be found where person exercises coercive power, provides a service that serves the public, engages in joint action, or governmental nexus exists).  Plaintiff's claims under 42 U.S.C. §§ 1981 and 1982 and the Fair Housing Act are fatally deficient in that he sets forth only conclusory allegations and does not allege facts supporting discriminatory animus or discriminatory effect of the allegedly wrongful actions.  See generally Domino's Pizza v. McDonalds, 546 U.S. 470, 475 (2006).

Plaintiff's fraud allegations are vague and incoherent; the allegations do not meet the pleading requirements under Federal Rule of Civil Procedure 9(b).

Plaintiff also cites several criminal statutes in his complaint in support of his claims. However, the cited statutes do not provide a basis for criminal liability. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability); see also Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001) (section 3631 imposes criminal liability when one "by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure intimidate or interfere with" fair housing rights). Because it does not appear that plaintiff can, consonant with the strictures of Federal Rule of Civil Procedure 11, amend the complaint to state a claim against the moving defendants, the motions to dismiss should be granted with prejudice.

Also pending before the court is the Sutter defendants' motion for sanctions.[2] Defendants seek $21,342.86 in costs and attorney's fees incurred in defending this action. Defendants contend an award of sanctions is appropriate under 28 U.S.C. § 1927 or alternatively, under the inherent authority of the court.

As an initial matter, this court retains authority to impose sanctions even though the moving defendants have been dismissed. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) (determination of a collateral issue, such as the imposition of costs and attorney's fees, "may be made after the principal suit has been terminated"); see also Williamson Family Trust v. CIT Group/Consumer Finance, Inc., 205 Fed.Appx. 616 (9th Cir. 2006) (voluntary dismissal does not divest court of jurisdiction to impose sanctions).

28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

---

[2] The Sutter defendants were dismissed by order of the court adopting the findings and recommendations related to their motion to dismiss. Dkt. no. 38.

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions may be imposed under this statute on a plaintiff proceeding pro se. See Wages v. IRS, 915 F.2d 1230, 1235-1236 (9th Cir. 1990). Additionally, district courts have inherent authority to impose an award of attorneys' fees and costs in cases where the losing party has acted in bad faith or vexatiously. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-259(1975). A finding of subjective bad faith is essential to an award of attorneys' fees under either section 1927 or a court's inherent power. See Moore v. Keegan Mgmt. Co. (In re Keegan), 78 F.3d 431, 435-436 (9th Cir.1996) (section 1927); Primus Auto. Fin. Serv. Inc. v. Batarse, 115 F.3d 644, 648-649 (inherent authority). "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).

Whether plaintiff's conduct in this litigation warrants an award of attorneys' fees and costs to the moving defendants is a close question. Plaintiff has filed five lawsuits, three in federal court and two in state court, all related to his dispute regarding the rental premises. See dkt. no. 26 at 3:26-28, fn. 2. Plaintiff's first federal action was filed in the Northern District of California on March 11, 2011. Virtually identical claims were then alleged in the complaint filed in the pending action on March 25, 2011. The third federal action, again duplicative of the other two federal actions, was filed April 5, 2011. In an order filed May 26, 2011, the court advised plaintiff that his pleadings were prolix and contained superfluous verbiage and limited an amended complaint to twenty pages. Despite these admonitions, the amended complaint filed June 23, 2011 comprised 52 pages which did not set forth a short and plain statement of plaintiff's claims. The opposition to the Sutter defendants' motion to dismiss was 38 pages and contained no substantive argument in opposition, consisting only of what appeared to be copies of passages from legal texts. In findings and recommendations filed September 1, 2011, plaintiff was warned his conduct was bordering on the vexatious. On October 25, 2011, dismissal of the third action as duplicative was recommended and the case was dismissed on February 23 2012.

4

See Adams v. Easley, case no. 2:11-913 JAM EFB PS, dkt. no. 40.  Despite plaintiff being cautioned by two different judges that his litigation tactics were duplicative, plaintiff thereafter filed numerous, meritless pleadings in this action, which ultimately resulted in an order filed January 4, 2012 limiting the documents plaintiff was allowed to file.  In violation of that order, plaintiff then proceeded to file numerous pleadings, again prolix and almost incomprehensible, and all of which are meritless.[3]

The court has carefully considered whether plaintiff's tactics can support a finding of subjective bad faith.  While it appears that plaintiff is earnest in his belief that he is entitled to legal relief for some perceived harm, his conduct in repeatedly filing meritless opposition and pressing the same issues over and over again raises an inference that plaintiff may be acting in bad faith.  However, given plaintiff's pro se status, the court has given plaintiff the benefit of the doubt and declines to make a finding of subjective bad faith on the present record.  The court will therefore deny defendant's request for costs and attorney's fees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion for reconsideration, amended motion for reconsideration and motion and amended motion for leave to file third amended complaint (dkt. nos. 104, 106, 111, 112, 117) are denied;

2. Defendants' motion for sanctions is denied; and

IT IS HEREBY RECOMMENDED that:

1.  The motions to dismiss (dkt. nos. 60, 69) be granted; and

2. This action be closed.

\\\\\

---

[3]  In the span of little over a month, plaintiff filed a renewed motion for reconsideration, an amended motion for reconsideration, a motion for leave to file a third amended complaint, an amended motion for leave to file a third amended complaint, and numerous memoranda and a request for judicial notice in support of the motions.  Because the motions violate the court's January 4, 2012 order and are meritless, the motions will be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
adams4.oah